The SIXTY–FIVE SECURITY PLAN, et al., Plaintiffs,

v.

BLUE CROSS AND BLUE SHIELD OF GREATER NEW YORK, a Corporation, Defendant.

No. 80 Civ. 7100 (WK).

United States District Court, S.D. New York.

July 25, 1984.

Eisner & Levy, P.C. by Richard Levy, New York City, for plaintiffs.

Blue Cross and Blue Shield of Greater New York, by Ellen Barrett Levin, New York City, for defendant.

## MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

In our Memorandum and Order of March 28, 1984, published at 583 F.Supp. 380, we held (1) that Blue Cross and Blue Shield of Greater New York ("Blue Cross") was a fiduciary to the 65 Security Plan ("Security Plan") under the Employee Retirement Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461; (2) that Security Plan itself had no federal cause of action against Blue Cross, but that David Livingston, an individual plaintiff, did; (3) that Blue Cross's fee structure constituted an impermissible conflict of interest under ERISA; (4) that summary judgment on Blue Cross's fraud and breach of contract claims could not be granted; and (5) that Blue Cross's motion to strike Security Plan's jury demand would not at the time be granted.

Blue Cross has now moved for reargument of points (1) and (3), and has also moved for a remand of the action it had originally brought in the Supreme Court of New York, which was removed to this Court by Security Plan. We have received written submissions and heard oral argument on all points of this motion.

## BLUE CROSS'S FIDUCIARY STATUS

The main thrust of Blue Cross's motion for reargument on this point is that we erroneously found that, in effect, Blue Cross was spending Security Plan's, rather than its own, money. This finding was primarily based on the testimony of Joseph Kelly, who in effect said that such had been the intention of both parties.[1] We have considered the arguments advanced on this motion and they do not persuade us that we were in error.[2]

## BLUE CROSS'S FEES

■ Blue Cross urges that *Schulist v. Blue Cross of Iowa, Blue Shield of Iowa* (7th Cir.1983) 717 F.2d 1127, which we had not considered in our original Memorandum and Order, establishes that its fee arrangements with Security Plan cannot constitute an impermissible conflict of interest under ERISA because those arrangements are embodied in a contract which was signed at arms' length before any fiduciary obligations could have arisen between the parties. Blue Cross makes no persuasive argument that its fee structure did not in fact present it with a conflict of interest; rather, it argues that for the foregoing reasons any such conflict is not remediable under ERISA. To the extent that *Schulist* supports such an argument (and we agree that the case may be read in that fashion) we do not believe that it carries out Congressional intent in the enactment of ERISA, and decline to follow it.

## MOTION FOR REMAND

■ Blue Cross's position on this motion is that, since our prior ruling struck Securi-

---

1. It has been brought to our attention that Kelly was not, as we stated in our previous opinion, a vice-president of Blue Cross at the time he so testified, having left that position. He was, however, an employee of Blue Cross, and we find that in any event his testimony was credible and that our reliance upon it was suitable.

2. Since our finding on this issue establishes our jurisdiction, we need not now consider the secondary issue presented for reargument, of whether—as we found in our previous Opinion—Blue Cross negotiated hospital rates.

ty Plan's cause of action, its own cause of action against Security Plan—which does not on its face state any federal cause of action—is no longer valid in this court and may only be pursued in state court, where it was originally filed. In light of our conclusion that Blue Cross is a fiduciary, we think that its fourth cause of action as pleaded, although not couched in ERISA language, does state facts which could entitle it, and ERISA fiduciary, to the relief sought. The removal to this Court therefore continues to be valid.[3]

### REQUEST FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292

 Blue Cross has requested us to certify for interlocutory appeal pursuant to 28 U.S.C. § 1292 the questions posed by its motion to reargue. It seems clear to us that such certification should be granted. In the first place, there can be no doubt that "there is substantial ground for difference of opinion" on substantially every point that has been presented for determination. It is obvious, moreover, that these questions are "controlling": if our decision as to Blue Cross's status as a fiduciary were found to be incorrect, we would be without jurisdiction; and, assuming we have jurisdiction, our determination on the question of conflict of interest would dramatically affect the course of the trial. As to "materially advanc[ing] the ultimate termination of the litigation," the correction of any error in our finding of jurisdiction would avoid putting the parties and the Court to the futility of a lengthy trial, which would have to be repeated before a state court. *See, e.g., Peralta Shipping v.*

*Smith & Johnson,* 739 F.2d 798 (2d Cir.1984).

Let the parties submit an appropriate order on or before August 1, 1984.

SO ORDERED.

---

**3.** Since the facts supporting a federal cause of action are adequately pleaded in the complaint of Blue Cross against Security Plan as it now exists, the case of *Pressroom Unions—Printers League Income Security Fund v. Continental Assurance Co.* (2d Cir.1983) 700 F.2d 889, is inapplicable. In that case the Court held that the health care plan which was the sole plaintiff could not maintain a cause of action under ERISA, and refused to allow the addition of a wholly new claim by adding an individual plaintiff not present in the complaint from the inception of the suit. Here, however, the relevant allegations have been present since the suit's inception. The only change necessary would be not the addition of new allegations but merely the re-framing of those already existing in language specifically mentioning ERISA. This is not the kind of drastic alteration upon which the Court of Appeals frowned in *Pressroom Unions.*