**GEICO CORPORATION, et al., Plaintiffs,**

v.

**PENNSYLVANIA POWER & LIGHT COMPANY, Defendant.**

**McDONNELL–DOUGLAS FINANCE CORPORATION, et al., Plaintiffs,**

v.

**PENNSYLVANIA POWER & LIGHT COMPANY, Defendant.**

**CNA ASSURANCE COMPANY OF CONNECTICUT, Plaintiff,**

v.

**PENNSYLVANIA POWER & LIGHT COMPANY, Defendant.**

**Nos. 86 Civ. 9461 (WCC), 86 Civ. 9947 (WCC) and 86 Civ. 9969 (WCC).**

United States District Court, S.D. New York.

July 29, 1988.

Olwine, Connelly, Chase, O'Donnell & Weyher, Cravath, Swawne & Moore, New York City (Rory O. Millson, John Logan O'Donnell, William A. Kapell, of counsel), for plaintiffs GEICO Corp., Government Employees Ins. Co., Criterion Ins. Co., McDonnell Douglas Finance Corp., Peoples Sec. Life Ins. Co., Commonwealth Life Ins. Co. and Nat. Standard Life Ins. Co.

Breed, Abbott & Morgan, New York City (David S. Patterson, of counsel), Winston & Strawn, Chicago, Ill. (David S. Acker, Thomas R. Bearrows, of counsel), for plaintiff CNA Assur. Co. of Connecticut.

Reid & Priest, New York City (Peter C. Williams, of counsel), for defendant Pennsylvania Power & Light Co.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

Defendant Pennsylvania Power & Light (PP & L) has moved, pursuant to 28 U.S.C. § 1292(b), to certify for immediate appeal this Court's Opinion and Order of July 2, 1987 denying PP & L's motion to compel arbitration. PP & L's prior attempt to appeal this decision was dismissed on the basis of the Supreme Court's decision in *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, — U.S. —, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988) which held that "orders granting or denying stays of 'legal' proceedings on 'equitable' grounds are not automatically appealable under § 1292(a)(1)." *Id.* at —, 108 S.Ct. at 1142. The Court of Appeals remanded the case for this Court to consider whether the decision should be certified for immediate appeal pursuant to 28 U.S.C. § 1292(b). The Court of Appeals noted that it believed that "the order at issue in the instant case appears to be an appropriate candidate for certification.... [W]e believe that section 1292(b) may well be the best way in close cases to ensure that the strong federal policies in favor of arbitration are furthered. It is certainly an appropriate vehicle to address the unique circumstances of this case." 849 F.2d 761, 765 (2nd Cir. 1988).

This dispute arose when PP & L sought to redeem a large issue of preferred shares which it had sold to plaintiffs. According to PP & L, its redemption took place after the company had made a "good faith determination" under Paragraph 4N of the Stock Purchase Agreement that a provision contained in the Tax Reform Act of 1986 reducing the Dividends Received Deduction ("DRD") had created a substantial risk that PP & L would be required in the future to make tax indemnity payments pursuant to

the Stock Purchase Agreement.[1] According to plaintiffs, defendant wrongfully attempted to redeem the shares, which paid dividend rates of 11% and 14%, in order to take advantage of a fall in market interest rates by issuing new preferred shares paying substantially lower rates.

At this Court's first pre-motion conference in this action, defendant asked the Court for authorization to move for summary judgment on plaintiff's complaint. In the course of a discussion on this request, the Court asked to see a copy of the Stock Purchase Agreement. While reviewing the Agreement, the Court noted that Paragraph 4N seemed to provide for arbitration of certain disputes under the Agreement. Both plaintiffs' and defendant's attorney's responded that Paragraph 4N did not apply to the instant dispute, and defendant again asked for leave to move for summary judgment which was granted. On the following day, defendant's attorney called the Court and asked to schedule another pre-motion conference. At that second conference, defendant's attorney's represented that they had again reviewed Paragraph 4N of the Purchase Agreement and now believed that it did apply to this dispute. There is serious question whether, if the Court had not pointed out this provision to defendant's attorneys, this issue would ever have arisen. In any event, defendant then withdrew its request for leave to move for summary judgment and requested leave to move to compel arbitration which was granted.

After reviewing the submissions on the motion to compel arbitration, the Court denied defendant's motion on two grounds. First, defendant's conduct during the initial stages of the proceeding in proceeding with discovery and requesting leave to move for summary judgment belied any contention that this issue was intended to be submitted to arbitration. Second, the relevant contract language was at best ambiguous. The Purchase Agreement provided that "if any Owner should disagree with such good faith determination" the matter would be submitted to an independent tax counsel for resolution. This language has several possible meanings. It could mean that a dispute would be referred to a tax counsel if it concerned (1) whether a change in the DRD reduced the shareholders' after-tax yield below 10.241%; or (2) whether, considering the shareholders' economic interest in avoiding a redemption which would deprive them of the favorable rate of return they enjoyed on the PP & L shares, there was a likelihood that any shareholders would request indemnity for such loss of income; or (3) whether PP & L's determination that such a likelihood existed had been made in good faith; or (4) any of the foregoing. Because the language is ambiguous, the Court must look to external factors in determining its meaning. Plaintiff submitted two affidavits of individuals involved in the negotiation and execution of the Purchase Agreement, both of whom stated under oath that there was no intent that this type of dispute be arbitrated. Defendant offered no affidavits or other testimony to refute these affidavits. Given this evidence, as well as the conduct of the parties in the early stages of the litigation, the

---

**1.** Paragraph 4N of the Stock Purchase Agreement states in pertinent part:

provided, however, that if the Company shall have received any such written notice of Loss or if the Company shall have made a good faith determination that there is substantial risk that it would be required to make any indemnity payments pursuant to this paragraph 4N with respect to more than two consecutive quarters .... then the Company, at its option, may redeem all the Shares then outstanding at the redemption price of $100 per share plus dividends accrued to the date of redemption. The Company shall also pay to each of the Owners, on the date fixed for redemption or at such time as such Shares are

redeemed, such sums as, when taken together with the dividends paid or required to be paid to such Owners, shall be required, in the reasonable opinion of such Owner (and as described above), to cause such Owner's effective after Federal income tax yield with respect to such dividends and such Shares to be 10.241% per annum. If the Company should disagree with any Owner's computation of the amount of the required indemnity payment or refund thereof as provided below or if any Owner should disagree with such good faith determination of the Company that there is substantial risk, then the Company and the Owner shall appoint an independent tax counsel to resolve the dispute.

Court found that the arbitration provision in Paragraph 4N did not apply to the present dispute, which apparently concerns only whether PP & L acted in good faith—an issue which tax counsel is not specially qualified to resolve.

■■■ 28 U.S.C. § 1292(b) permits a district court to certify an order not otherwise appealable only when that order meets the following requirements:

(1) the order involves a controlling question of law;

(2) as to which there is substantial ground for difference of opinion, and

(3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Plaintiffs assert that there is no controlling question of law here which would permit certification. This Court finds otherwise. The issue is controlling not only in the sense that, as the Court of Appeals noted, a reference of the issue to arbitration would terminate this action, but also in the sense that a resolution of the issue in this action could lead to the disposition of many other controversies arising out of similar contractual provisions widely used to take advantage of the DRD.

The second requirement of § 1292(b) is also satisfied. As the Court of Appeals further noted, "there is evidence of some difference of opinion regarding the interpretation of very similar arbitral clauses in preferred share purchase agreements employed by public utilities." At 765, *citing Hawaiian Electric Co. v. Westinghouse Credit Corp.*, No. 87–0355VAC (D.Haw. Feb 1, 1988).

The third requirement for certification is likewise met. The Court of Appeals specifically remarked that this case is an appropriate one for certification for the reason that "immediate appeal at this juncture might well advance the ultimate termination of this dispute by putting the parties before the proper tribunal as soon as possible." *Cf. S.A. Mineracao Da Trindade-Samitri v. Utah International, Inc.*, 579 F.Supp. 1049, 1051 (S.D.N.Y.), *aff'd*, 745 F.2d 190 (2d Cir.1984). At 765. It is self-evident that if the Court of Appeals ulti-mately rules that this dispute should be arbitrated, in keeping with the strong federal policy favoring arbitration, the certification will have saved the parties and the Court a lengthy, expensive trial.

Therefore, defendant's motion for certification is granted and, pursuant to 28 U.S.C. § 1292(b), this Court certifies to the United States Court of Appeals for the Second Circuit the controlling question whether the dispute as to the propriety of PP & L's redemption of plaintiff's PP & L preferred shares in purported reliance on Paragraph 4N of the Stock Purchase Agreement should be referred to an independent tax counsel for resolution pursuant to said Paragraph 4N.

So Ordered.