938 F.Supp. 232 (1996)
In re NASDAQ MARKET MAKERS ANTITRUST LITIGATION.
Robert Kevin TISDALE and Lillian A. Tisdale, Plaintiffs,
v.
A.G. EDWARDS & SONS, et al., Defendants.
No. 96 Civ. 2614 (RWS).
United States District Court, S.D. New York.
September 24, 1996.
Bainbridge & Straus by Michael Straus, of counsel, Birmingham, AL, for Plaintiffs.
Lovell & Skirnick by Christopher Lovell, of counsel, New York City, Liaison for Plaintiffs.
Shearman & Sterling by Joseph T. McLaughlin, James T. Halverson, Robert Steinbuch, of counsel, New York City, Liaison for Defendants and Attorney for Herzog Hein Geduld, Inc.

OPINION
SWEET, District Judge.
In this antitrust action, transferred to this Court from the United States District Court for the Middle District of Alabama (the "Alabama *233 Federal Court") by order of the Judicial Panel on Multi-District Litigation (the "JPML"), Plaintiffs Robert K. Tisdale and Lillian A. Tisdale ("Plaintiffs" or the "Tisdales") have moved pursuant to 28 U.S.C. § 1292(b) for certification of an interlocutory appeal from this Court's June 26, 1996 Order ("the Order") denying Plaintiffs' motion to remand to Alabama state court.
For the reasons set forth below, the motion will be denied.

The Parties
The Tisdales, husband and wife, are residents of Montgomery County, Alabama, who purchased securities traded on the NASDAQ exchange.
Defendants  A.G. Edwards & Sons, Inc.; Alex. Brown & Sons, Incorporated; Cantor Fitzgerald & Co.; Cowen & Co.; CS First Boston Corporation; Donaldson, Lufkin & Jenrette Securities Corporation sued herein as Donaldson, Lufkin & Jenrette, Inc.; Hambrecht & Quist L.L.C.; Herzog, Heine, Geduld, Inc.; J.C. Bradford & Co.; Jeffries & Company, Inc.; EVEREN Securities, Inc. sued herein as Kemper Securities Group, Inc.; Kidder, Peabody & Co. Incorporated; Legg Mason Wood Walker, Incorporated; Lehman Brothers Inc.; Mayer & Schweitzer, Inc.; Merrill Lynch, Pierce, Fenner & Smith, Inc.; Montgomery Securities; Morgan Stanley & Co., Incorporated; Nash, Weiss & Co.; OLDE Discount Corporation; Oppenheimer & Co., Inc.; Paine Webber, Incorporated; Piper Jaffray Inc.; Prudential Securities Incorporated; Robertson, Stephens & Company; The Robinson-Humphrey Company Inc.; Salomon Brothers Inc.; Sherwood Securities Corp.; Smith Barney Inc.; Troster Singer; UBS Securities Inc.; and Weeden & Co. L.P.  are market-makers in securities traded on the NASDAQ exchange.
The parties, facts, and prior proceedings in In re NASDAQ Market-Makers Antitrust Litigation, MDL 1023, are set forth in this Court's previous opinions in this action, In re NASDAQ Market-Makers Antitrust Litig., 929 F.Supp. 723 (S.D.N.Y.1996); In re NASDAQ Market-Makers Antitrust Litig., 929 F.Supp. 174 (S.D.N.Y.1996); In re NASDAQ Market-Makers Antitrust Litig., No. 94 Civ. 3996, 1996 WL 187409 (S.D.N.Y. April 18, 1996); In re NASDAQ Market-Makers Antitrust Litig., 164 F.R.D. 346 (S.D.N.Y.1996); In re Nasdaq Market-Makers Antitrust Litig., 894 F.Supp. 703 (S.D.N.Y.1995), familiarity with which is assumed.

Background and Prior Proceedings
Plaintiffs filed this class action in the Circuit Court of Montgomery County, Alabama (the "Alabama State Court"), on December 15, 1995. On January 12, 1996, all Defendants joined in the removal of the action to the Alabama Federal Court, where the action was assigned to the Honorable Ira DeMent. On January 16, 1996, Plaintiffs applied for an order to show cause why the case should not be remanded (the "Remand Motion"). The motion was fully briefed to Judge DeMent by the parties. On April 4, 1996, prior to Judge DeMent's resolving the Remand Motion, the JPML ordered the case transferred to this Court for coordinated pretrial proceedings with In re NASDAQ.
On April 19, 1996, the Tisdales wrote to this Court, directing its attention to the pendency of the Remand Motion and attaching photocopies of the briefs and related papers submitted to Judge DeMent. The letter was deemed to be a motion before this Court for remand. On June 26, 1996, this Court issued an Order denying the motion for remand.
On August 7, 1996, the Tisdales filed the instant motion for certification of an interlocutory appeal of the Order, pursuant to 28 U.S.C. § 1292(b). Plaintiffs' motion was considered fully submitted on August 28, 1996.

Discussion
Section 1292(b) provides that a district court may certify an interlocutory order for appeal if it is of the opinion that: (1) the order "involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion," and (3) an immediate appeal "may materially advance the ultimate termination of the litigation."
Interlocutory appeals under § 1292(b) are an exception to the general policy against piecemeal appellate review embodied in the final judgment rule. Since the statute was enacted in 1958, the Second Circuit has repeatedly emphasized that a district court is *234 to "exercise great care in making a § 1292(b) certification." Westwood Pharmaceuticals, Inc. v. National Fuel Gas Dist. Corp., 964 F.2d 85, 89 (2d Cir.1992); see also Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir.1990). Certification is only warranted in "exceptional cases," where early appellate review "might avoid protracted and expensive litigation." Telectronics Proprietary, Ltd. v. Medtronic, Inc., 690 F.Supp. 170, 172 (S.D.N.Y.1987); see also German v. Federal Home Loan Mortgage Corp., 896 F.Supp. 1385, 1398 (S.D.N.Y. 1995). Section 1292(b) was not intended "to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation" Telectronics, 690 F.Supp. at 172, or to be a "vehicle to provide early review of difficult rulings in hard cases." German, 896 F.Supp. at 1398; see also Abortion Rights Mobilization, Inc. v. Regan, 552 F.Supp. 364, 366 (S.D.N.Y.1982); McCann v. Communications Design Corp., 775 F.Supp. 1506, 1534 (D.Conn.1991).
Plaintiffs contend that interlocutory appeal is the "appropriate" method of appellate review of an order denying remand. Section 1292(b), however, does not establish any category of order as per se appropriate for interlocutory review. In each case, the district court must carefully assess whether each of the three conditions for certification is met. German, 896 F.Supp. at 1398; see also Gottesman v. General Motors Corp., 268 F.2d 194, 196 (2d Cir.1959) (certification is to be "strictly limited to the precise conditions stated in the law"). The determination of whether § 1292(b) certification is appropriate under the above standards is in the discretion of the district court. See Ferraro v. Secretary of U.S. Dept. of Health & Human Services, 780 F.Supp. 978, 979 (E.D.N.Y. 1992); 16 Charles A. Wright, et al., Federal Practice and Procedure § 3929 at 140 & n. 23 (1977 & Supp.1996); see also D'Ippolito v. Cities Service Co., 374 F.2d 643, 649 (2d Cir.1967) (interlocutory appeals under § 1292(b) should only be heard when both the district court and the court of appeals so desire).
Plaintiffs submit that the question for appellate review is whether the artful pleading doctrine creates federal subject matter jurisdiction over the claim Plaintiffs brought in Alabama state court under Alabama antitrust statutes. Immediate appellate resolution of this question will not materially advance the termination of the multidistrict litigation of which this action is a part. Moreover, although there may be room for dispute as to this Court's resolution of the application of the artful pleading doctrine, the grounds for difference of opinion are not sufficiently substantial in light of the fact that the litigation will continue regardless of the outcome of an appeal.
The principal difficulty with Plaintiffs' request for certification is that even if the Order is reversed on immediate appeal, that reversal is unlikely to "materially advance the termination of the litigation." While it is true that an immediate reversal of the Order would avoid putting these particular named Plaintiffs through continued proceedings in this Court on their alleged state-law claims, such a reversal would not expedite the termination of the In re NASDAQ litigation. The NASDAQ litigation consolidates numerous class actions involving federal antitrust claims filed in various federal district courts throughout the country by plaintiffs purporting to represent a class that would include the Tisdales. Although Plaintiffs' inconvenience in litigating their claims in what they believe to be an inappropriate forum may be considered by the court, the institutional efficiency of the federal courts is among the primary concerns animating § 1292(b). See Forsyth v. Kleindienst, 599 F.2d 1203 (3d Cir.), cert. denied, 453 U.S. 913, 101 S.Ct. 3147, 69 L.Ed.2d 997 (1979). Here, the NASDAQ litigation will continue before this Court whether or not these particular named Plaintiffs succeed on appeal. See Speir v. Robert C. Herd & Co., 189 F.Supp. 436, 439 (D.Md.1960) (court declined to certify order denying one defendant's motion to dismiss where case would proceed as to other parties regardless of disposition of appeal; although moving defendant might avoid some expense if order reversed on appeal, that concern outweighed by policy against piecemeal appeals). Furthermore, the Plaintiffs may well benefit from the economies of coordinated discovery and other pretrial proceedings conducted *235 in the multidistrict class action. Since the Plaintiffs' state claims allege the same facts as the federal claims before this Court, the subject matter of the discovery will be essentially the same.
Plaintiffs cite a number of cases in which district courts certified orders on the grounds that a reversal would put the parties before the proper non-federal tribunal and thus avoid unnecessary proceedings in the federal court. See, e.g., Somlyo v. J. Lu-Rob Enterprises, Inc., 932 F.2d 1043 (2d Cir.1991) (order denying remand to state court); Geico Corp. v. Pennsylvania Power & Light, 689 F.Supp. 351 (S.D.N.Y.1988) (order denying motion to compel arbitration), on remand from McDonnell Douglas Finance Corp. v. Pennsylvania Power & Light, 849 F.2d 761 (2d Cir.1988); Sixty-Five Security Plan v. Blue Cross & Blue Shield of Greater New York, 588 F.Supp. 119 (S.D.N.Y.1988) (order denying remand to state court). Remand in those cases, however, would have taken the entire action out of the federal courts, putting all of the parties before another tribunal, clearly satisfying the requirement that interlocutory appeal advance the termination of the litigation. Here, remand would merely create parallel state proceedings on the same subject matter while the main federal action continues.
Finally, to the extent that there are grounds for difference of opinion on the scope of the artful pleading doctrine in antitrust litigation, those grounds are not "substantial" enough in light of the general policy against fragmentary appeals and the fact that this federal litigation will continue even if the Order is reversed. It is true that some courts in other districts appear to have read the "artful pleading" doctrine more narrowly in similar contexts than this Court did in its Order. In re Amino Acid Lysine Antitrust Litig., 918 F.Supp. 1181 (N.D.Ill.1996); In re Citric Acid Antitrust Litig., 1996 WL 116827 (N.D.Cal. Mar. 12, 1996). However, those opinions do not control in this Circuit and do not in themselves create "substantial grounds" for a difference of opinion. Moreover, the Order relied on valid case law within this Circuit, see In re Wiring Device Antitrust Litig., 498 F.Supp. 79 (E.D.N.Y. 1980), and upon interpretations of the scope of the Alabama statutes by Alabama state courts. Ex parte Rice, 259 Ala. 570, 67 So.2d 825, 829 (1953); San Ann Tobacco Co. v. Hamm, 283 Ala. 397, 217 So.2d 803, 805 (1968).
Because an immediate appeal would not materially advance the termination of the litigation and because the grounds for disagreement on the question raised by Plaintiffs are not sufficiently substantial to warrant an interlocutory appeal, there is no need to determine whether the Order involves a "controlling question of law."

Conclusion
For the reasons set forth above, the Plaintiffs' motion for certification of an interlocutory appeal is hereby denied.
It is so ordered.