KNIGHT

v.

**STOCKARD S. S. CORP. ( W. A. RID-DELL CORP., third-party defendant).**

No. 260, Docket 23040.

United States Court of Appeals Second Circuit.

Argued June 9, 1954.

Decided Aug. 3, 1954.

Robert E. Goldstein, New York City, for W. A. Riddell Corp., third-party defendant-appellee.

Haight, Deming, Gardner, Poor & Havens, New York City, J. Ward O'Neill, Robert M. Julian, New York City, of counsel, for defendant and third-party plaintiff-appellant.

Before CHASE, Chief Judge, and FRANK and HINCKS, Circuit Judges.

CHASE, Chief Judge.

James Knight, a seaman on the S. S. Caribstar, owned by the Stockard Steamship Corp., sued the owner *in personam* in admiralty to recover for personal injuries sustained when, as he alleged, he was struck by parts of a winch on the ship which broke while in use. It was claimed that the ship was unseaworthy because of the condition of the winch.

The Stockard Steamship Corp., filed a third-party summons and complaint against the manufacturer of the winch, the appellee W. A. Riddell Corporation, a corporation organized under the laws of Ohio which maintains its principal office and place of business in that state.

Service of the summons and complaint was made upon Clark T. McConnell, the president of the W. A. Riddell Corporation, in the City of New York and on February 18, 1953, about two years after the original suit was brought, at a time when he happened to be in New York for the purpose of embarking on a cruise to South America. The appellee moved for an order vacating the service on the ground that it was an Ohio Corporation not doing business within the State of New York.

The motion was argued on affidavits before Judge Noonan, who by order dated May 13, 1953 granted the motion, but with leave to the third-party plaintiff to submit additional affidavits within thirty days after service of the entry of the order upon it to show that the appellee was doing business in New York. Such affidavits were submitted and considered by the judge. Thereafter, on August 6, 1953, he granted the motion unconditionally. The notice of appeal was filed on September 3, 1953.

■■■ It has been argued that the notice of appeal was too late to give us jurisdiction but we cannot agree. The order of May 13, 1953, never became a final one because within the time allowed for the submission of additional affidavits, some were submitted for consideration. Cleary Bros. v. Christie Scow Corp., 2 Cir., 176 F.2d 370. The order became final on August 6, 1953. That is an appealable order. In re Melekov, 9 Cir., 114 F.2d 727.

■■ On the merits we think the order was correct. The appellee had, on June 1, 1943, made a contract with Melvin Pine & Co., Inc., a New York corporation doing business in New York City, to act as its agent in the conduct of its export business and until the contract expired in 1950 that agent so acted in connection with a considerable amount of business. During that time it used the stationery of the appellee in doing so and the appellee's name was listed in the directory of the building in which Pine & Co. had an office, and was also listed in the telephone directory under the office telephone number.

While this contract was in effect, a suit in admiralty was brought on April 7, 1949, in the District Court for the Southern District of New York in the appellee's name to recover damages in connection with the business Pine & Co. was doing in its behalf and in that suit it was alleged that the appellee had "an office and place of business at 80 Broad Street, Borough of Manhattan, City and State of New York." This suit was settled and discontinued.

So it is argued that enough was shown to establish that the appellee was doing business in New York until the Pine contract expired and that, as our decision in French v. Gibbs Corporation, 189 F. 2d 787 shows, only a slight amount of business thereafter done in New York would suffice to keep the appellee "present" in that state subject to the service of process. The appellant insists that continued "presence" to, and including, the date of the service in this instance was shown.

Although the district judge made no findings, he could have found in support of his order vacating the service substantially as follows on the basis of the affidavits submitted.

After the appellee's contract with Pine & Co. came to an end in 1950, some three years before this process was served as above stated, it has had no representative and no employee within the State of New York. It has shipped such of its product as has been exported through the Port of New York from its plant in Bucyrus, Ohio, and what has had to be done in connection with such export on outgoing vessels has been done by "independent organizations" whose charges for so doing are paid by the appellee.

Other products of the appellee which are shipped into New York are purchased at Bucyrus by distributors who sell them to their own customers and who maintain their own service and maintenance department within the state.

The appellee has maintained bank accounts in New York which are used exclusively for the purpose of establishing credit standing "and for discounting notes received on export matters." That is, we think, less than enough to show the "presence" of the appellee in New York on the date of the service here.

Order affirmed.