Edward S. SPEIR
v.
ROBERT C. HERD & CO., Inc.
and
Western Maryland Railway Co.,
and
Newtex Steamship Corporation, a Delaware corporation.
Civ. No. 11046.

United States District Court
D. Maryland.
Nov. 16, 1960.

John J. O'Connor, Jr., O'Connor & Preston, Baltimore, Md., for plaintiff.

George W. P. Whip, Baltimore, Md., appearing specially, for defendant Newtex Steamship Corporation.

THOMSEN, Chief Judge.

Defendant Newtex has requested the court to include in the order to be entered on the opinion filed herein October 24, 1960, 189 F.Supp. 432, a statement that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion

and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." See 28 U.S.C.A. § 1292(b), added to sec. 1292 by Public Law 85–919, 72 Stat. 1770, Sept. 2, 1958.[1]

Newtex states in its brief: "While it is most desirable to have the order overruling the Motion to Quash recite the necessary matters as provided in paragraph (b) of Section 1292 of Title 28 U.S.C.A. to insure the propriety of an appeal from the order, we believe there is authority for holding that an order overruling a Defendant's Motion to Quash is such a final determination of that question that the order is appealable". However, in the cases cited by defendant the district court had vacated the service, Knight v. Stockard S.S. Corp., 2 Cir., 214 F.2d 727, or dissolved an attachment, Swift & Co. Packers, et al. v. Compania Colombiana Del Caribe, S.A., 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206. As the Supreme Court said in the latter case: "Appellate review of the order dissolving the attachment at a later date would be an empty rite after the vessel had been released and the restoration of the attachment only theoretically possible. * * * The situation is quite different where an attachment is upheld pending determination of the principal claim. Such was Cushing v. Laird, 107 U.S. 69 [2 S.Ct. 196, 27 L.Ed. 391], which is urged on us. In such a situation the rights of all the parties can be adequately protected while the litigation on the main claim proceeds." 339 U.S. at page 689, 70 S.Ct. at page 865. Newtex recognizes this distinction, but argues that the rights of Newtex cannot be adequately protected while the litigation of the main claim proceeds because, Newtex fears, the entry of a general appearance and the filing of an answer may be "a waiver of the special appearance and the rights set forth in the preliminary Motion".

Those fears are without adequate foundation. This is a civil action. Special appearances to challenge jurisdiction over the person or improper venue are not necessary under the Federal Rules of Civil Procedure, 28 U.S.C.A.; Moore's Federal Practice, 2d Ed., Vol. 2, pp. 1308, 2219, 2262–2264. " * * * Rule 12 has abolished for federal courts the age-old distinction between general and special appearances." Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 139 F.2d 871, 874. A party may raise the defenses numbered (1–5) in Rule 12(b), and losing thereon proceed to litigate on the merits, and losing on the merits appeal and attack the judgment both on the merits and on such grounds (1–5) as he has urged.[2] Moore, op. cit., vol. 2, p. 2261.

Newtex cites two opinions by Judge Hoffman, Efentakis v. S/T World Legion, E.D.Va., 165 F.Supp. 773, and Nolan v. Jensen (The Else Basse), E.D. Va., 171 F.Supp. 351, 358. Both were admiralty cases, to which the Federal Rules of Civil Procedure did not apply. In Massachusetts Bonding & Ins. Co. v. Concrete Steel Bridge Co., 4 Cir.,

---

1. Section 1292(b) provides: "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, However, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

2. Of course, a defendant may waive his right to challenge the jurisdiction over his person by proceeding first on the merits, as by a motion to dismiss for failure to state a claim or by an answer on the merits before filing his motion to quash or other motion challenging the jurisdiction over his person. Moore, op. cit., vol. 2, p. 2262.

37 F.2d 695, also cited by Newtex, the defendant appeared specially and filed a plea in abatement denying that the cause of action arose in West Virginia, before filing its motion to quash the writ and the return. The court held that under applicable law the "special appearance" should be treated as a general appearance and that the filing of the plea in abatement constituted a waiver of any objection to jurisdiction over the person. This decision was rendered before the Federal Rules of Civil Procedure were adopted, and is not authoritative now. Certainly it is not out of line with the general rule that an objection to the jurisdiction over the person is waived by proceeding on the merits before the objection has been ruled on, but is not waived by proceeding on the merits thereafter.

It appears, therefore, that I should rule on the request made by Newtex for a statement under sec. 1292(b). In view of the decision of Judge Cullen, cited in my previous opinion, I cannot say that there is no "substantial ground for difference of opinion" on the legal question involved. I must, therefore, state whether an immediate appeal "may materially advance the ultimate termination of the litigation".

The background of sec. 1292(b) and matters to be considered thereunder are discussed in Gottesman v. General Motors Corp., 2 Cir., 268 F.2d 194, and In re Heddendorf, 1 Cir., 263 F.2d 887. In the latter case Judge Magruder said: "As stated by the district court in Kroch v. Texas Co., D.C.S.D.N.Y., 1958, 167 F. Supp. 947, 949: 'While there is as yet little authority on the extent to which this new statute should be used, it is plain that it should be used sparingly and "only in exceptional cases where an intermediate appeal may avoid protracted or expensive litigation". Milbert v. Bison Laboratories, Inc., 3 Cir., 1958, 260 F.2d 431, 433.' Such an exceptional case might be one where the district court has denied a motion to dismiss for want of jurisdiction which raised a novel question and is reluctant to embark upon an extended and costly trial until assured

that its decision on the motion to dismiss is sustained." 263 F.2d at page 888. I agree. But in the instant case there are now three defendants. The case will proceed against the other two in any event, and the retention of Newtex is not likely to prolong the trial appreciably. It will cause some expense to Newtex, which would be avoided if my order were reversed on appeal. That consideration, however, must be weighed against the policy discouraging "piecemeal appeals", discussed in the cases cited and in other opinions under sec. 1292(b). Under the circumstances of this case, I should not make the requested statement in the order.