OPINION[1]
LEANNE JOHNSON, Justice
This is the second petition for permissive appeal filed by Jefferson County, Texas (“the County”) seeking appellate review of an interlocutory order that is not otherwise appealable. On October 2, 2014, we issued a memorandum opinion denying the first petition for permissive appeal filed by the County relating to the trial court’s denial of the County’s Rule 91a motion to dismiss.[2] Jefferson Cnty. v. Swain, No. 09-14-00347-CV, 2014 WL 4952280 (Tex. App.-Beaumont Oct. 2, 2014, no pet. h.) (mem. op.); see Tex. R. Civ. P. 91a. On October 7, 2014, the County obtained a second amended order from the trial court denying the County’s same Rule 91a motion to dismiss. The County, as petitioner, has now filed a second petition for permissive appeal in this Court regarding the denial of the same Rule 91a motion to dismiss. See Tex. R. App. P. 28.3; Tex. R. Civ. P. 168; Tex. Civ. Prac. & Rem.Code Ann. § 51.014 (West Supp. 2014).
Having reviewed the petition, the response, the orders and letter ruling, as well as the record before us at this time, we conclude the County has not demonstrated that the order it seeks to appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion. We dismiss the matter for want of jurisdiction. See Tex. R. App. P. 28.3(e)(4); Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d), (f); Swain, 2014 WL 4952280, at *1; see also generally GoDaddy.com, LLC v. Toups, 429 S.W.3d 752, 754 (Tex.App.-Beaumont 2014, pet. filed).
PETITION FOR PERMISSIVE APPEAL DISMISSED.

. "An opinion may not be designated as a memorandum opinion if the author of a concurrence or dissent opposes that designation.” Tex. R. App. P. 47.4.

. In the County's Rule 91a motion to dismiss and in its petition for permissive appeal, the County argues that Swain "makes no reference to any legal causes of action or violations of any law or regulation. The only cite is to the Labor Code, which includes a section that does not exist.” In her Original Petition, Swain stated, “Defendant County, being sued for violation of the Tex. Lab. Code Ann. § 554.0035[] is a municipality_” In the factual section of her Original Petition, Swain alleged among other items that "Plaintiff was suspended[] and terminated because she reported to the Internal Affairs Division ... that [her supervisor] was violating the policies and the law.” Swain argues that the reference to the "Labor Code” was a typographical mistake and that she intended to cite to Chapter 554 of the "Government Code,” the Whistle-blower Statute. Swain claims it was “clear to the Court and Defendant County” that she "was asserting a cause of action under the Whistleblower Act.”