ACCEPTED
04-15-00061-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
2/23/2015 2:13:08 PM
KEITH HOTTLE
CLERK

# No. 04-15-00061-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

02/23/2015 2:13:08 PM

KEITH E. HOTTLE
Clerk

IN THE COURT OF APPEALS OF TEXAS
FOURTH JUDICIAL DISTRICT
SAN ANTONIO, TEXAS

## RAVI BOTLA, M.D.,
*Petitioner/Defendant,*

vs.

## SALVADOR DEL TORO, JR.,
*Respondent/Plaintiff.*

FROM THE 131ST JUDICIAL DISTRICT COURT, BEXAR COUNTY,
CAUSE NO. 2013-CI-19135, HON. PETER SAKAI, PRESIDING

## RESPONSE IN OPPOSITION TO PETITION FOR PERMISSION TO APPEAL ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND, ALTERNATIVELY, CROSS-PETITION FOR PERMISSION TO APPEAL ISSUE OF STANDING

Kimberly S. Keller
SBN: 24014182
KELLER STOLARCZYK, PLLC
234 W. Bandera Rd. #120
Boerne, TX 78006
Tele: 830.981.5000
Facs: 888.293.8580
kim@kellsto.com

George W. Mauzé, II
SBN: 13238800
MAUZÉ LAW FIRM
2632 Broadway, Suite 401S
San Antonio, TX 78215
Tele: 210.225.6262
Facs: 210.354.3909
gmauze@mauzelawfirm.com

## IDENTITY OF PARTIES & COUNSEL

Respondent agrees with Petitioner's identification of the parties and counsel, except to add newly-retained appellate counsel:

> Kimberly S. Keller
> KELLER STOLARCZYK PLLC
> 234 West Bandera Road
> No. 120
> Boerne, Texas 78006

# TABLE OF CONTENTS

*Page*

IDENTITY OF PARTIES & COUNSEL ....................................... 2

TABLE OF CITATIONS ...................................................... 5

STATEMENT OF THE CASE ............................................... 8

ISSUES PRESENTED ...................................................... 10

1. Whether the following issues constitute "controlling questions of law about which there is a substantial ground for difference of opinion":

    a. Was Respondent's medical authorization sufficient to toll limitations as to the claims against Petitioner?

    b. If the medical authorization was sufficient, was Respondent required to file his lawsuit on a Sunday?

2. Whether an immediate appeal of the aforementioned questions will materially advance the ultimate termination of the litigation.

3. Alternatively, if this Court grants the Petition, Respondent also asks this Court to grant its Cross-Petition to address the question of whether Respondent has standing to challenge the sufficiency of the authorization.

STATEMENT OF THE FACTS ............................................. 11

SUMMARY OF THE ARGUMENT ....................................... 14

**ARGUMENT** ............................................................. 16

**I.** STANDARD OF REVIEW ............................................... 16

**II.** THE RULINGS PETITIONER SEEKS TO IMMEDIATELY APPEAL DO NOT CONSTITUTE "CONTROLLING QUESTIONS OF LAW ABOUT WHICH THERE IS A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION" ........................................ 17

    **A.** *The law governing the sufficiency of medical authorizations is well-established*........ 18

    **B.** *It is well-established that plaintiffs do not have to file lawsuits on Sundays*...................... 22

**III.** AN IMMEDIATE APPEAL OF THE QUESTIONS WILL NOT MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION ....................................................... 25

**IV.** ALTERNATIVELY, IN THE EVENT THIS COURT GRANTS THE PETITION, RESPONDENT CROSS-PETITIONS FOR PERMISSION TO APPEAL THE ADDITIONAL QUESTION AUTHORIZED BY THE TRIAL COURT: WHETHER PETITIONER HAD STANDING TO CHALLENGE THE SUFFICIENCY OF THE AUTHORIZATION ............................. 28

**CONCLUSION**.................................................................. 31

**CERTIFICATE OF COMPLIANCE & SERVICE** ...................... 33

**APPENDIX A – JANUARY 22,2015 ORDER OF TRIAL COURT**

4

# TABLE OF CITATIONS

**SUPREME COURT OF TEXAS CASES**

*Tex. A & M Univ. Sys. v. Koseoglu,*
   233 S.W.3d 835 (Tex. 2007) ................................................ 16

**TEXAS INTERMEDIATE APPELLATE COURT CASES**

*Barlow v. Konda,*
   No. 05-98-00797-CV (Tex. App. – Dallas 2000, no
   pet.) ..................................................................................24

*Brannan v. Toland,*
   No. 01–13–00051–CV, 2013 WL 4004472 (Tex.
   App.—Hous. [1st Dist.] Aug. 6, 2013, pet. denied) ...............21

*Cantu v. Mission Reg. Med. Ctr.,*
   13-12-00568-CV, 2014 WL 1879292 (Tex. App. –
   Corpus Christi 2014, no pet.) ...............................................20

*Gulf Coast Asphalt Co. v. Lloyd,*
   _ S.W.3d _, 2015 WL 393407 (Tex. App. – Houston
   [14th Dist.) Jan. 29, 2015, no pet. h.)..................................25

*Gulley v. State Farm Lloyds,*
   _ S.W.3d _, 2014 WL 7339462 (Tex. App. – San
   Antonio Dec. 23, 2014, no pet. h.) .......................................27

*Hebert v. JJT Const.,*
   438 S.W.3d 139 (Tex. App. -- Houston [14th Dist.]
   2014, no pet.) ...................................................................... 16

*In re Estate of Fisher,*
   421 S.W.3d 682 (Tex. App. – Texarkana 2014, no
   pet.) ....................................................................................23

*Jefferson Cty. v. Swain,*
    _ S.W.3d _, 2014 WL 6985118 (Tex. App. –
    Beaumont 2014, no pet.).....................................................14

*King-A Corp. v. Wehling,*
    No. 13-13-00100-CV, 2013 WL 1092209 (Tex. App.
    – Corpus Christi, Mar. 14, 2013, no pet.) ......................17,18

*Mitchell v. Methodist Hosp.,*
    376 S.W.3d 833 (Tex. App.—Houston [1st Dist.]
    2012, pet. denied) ............................................................21

*Mock v. Presbyterian Hosp. of Plano,*
    379 S.W.3d 391 (Tex. App.—Dallas 2012, pet.
    denied) ........................................................................19,20

*Morgan Stanley & Co. LLC v. Fed. Deposit Ins. Co.,*
    No. 14-14-00849-CV, 2014 WL 6679611 (Tex. App.
    – Houston [14th Dist.] 2014, no pet.)..................................14

*Phoenix Energy, Inc. v. Breitling Royalties Corp.,*
    No. 05-14-01153-CV (Tex. App. – Dallas 2014,
    no pet.) .................................................................. 14,18,22

*Rabatin v. Kidd,*
    281 S.W.3d 558 (Tex. App.—El Paso 2008, no pet.) ..............20

*State Fair of Tex. v. Iron Mountain Info. Mgmt., Inc.,*
    299 S.W.3d 261 (Tex. App. -- Dallas 2009, no pet.)..............16

*Target Corp. v. Ko,*
    No. 05-14-00502-CV (Tex. App. – Dallas 2014, no
    pet.).................................................................................16,17


**FEDERAL CASES**

*New Jersey Reg. Council of Carpenters v. D.R. Horton, Inc.,*
    No. 08-1731, 2011 WL 1322204 (D.N.J. 2011) ....................25

*Speir v. Robert C. Herd & Co.,*
 189 F.Supp. 436 (D.C.Md. 1960)..........................................26

**STATUTORY & OTHER AUTHORITY**

Medical Malpractice & Tort Reform Act of 2003, 78th Leg.,
 R.S., ch. 204, § 10.11(a)(5), 2003 Tex. Gen Laws
 847....................................................................................24

TEX. CIV. PRAC. & REM. CODE ANN. § 16.072.............................23,24

TEX. CIV. PRAC. & REM.CODE § 51.014 .................................. 16,23,24

TEX. R. CIV. P. 4.....................................................................23

## STATEMENT OF THE CASE

*Nature of the Case:* This is a medical malpractice case. Petitioner's motion for summary judgment was denied. Petitioner now asks this Court to grant him the right to file an interlocutory appeal of the denial of the summary judgment motion.

*Trial Court:* 131st Judicial District, Bexar County; Honorable Peter Sakai, presiding.

*Disposition:* After considering the parties' briefing and supplemental briefing, as well as the arguments of counsel at the hearing, the trial court denied Petitioner's motion for summary judgment. The trial court then granted the parties permission to interlocutorily appeal three questions: (1) whether Respondent's medical authorization was sufficient to toll the statute of limitations; (2) whether Petitioner had standing to challenge the sufficiency of the authorization; and (3) if Petitioner had to file suit on a Sunday.

*Petition:* Petitioner filed this Petition with this Court asking this Court to permit him to interlocutorily appeal the first and third questions authorized by the trial court.

*Requested Relief on Appeal by Respondent:* Respondent asks this Court to deny the Petition because the issues sought to be appealed do not meet the statutory requirements imposed by Section 51.014(d). Alternatively, if this Court grants the Petition, Respondent asks this Court to also grant his Cross-Petition to interlocutorily appeal the second question authorized by the trial court:

8

whether Petitioner has standing to challenge the sufficiency of the authorization.

# ISSUES PRESENTED

1. Whether the following issues constitute "controlling questions of law about which there is a substantial ground for difference of opinion":

   a. Was Respondent's medical authorization sufficient to toll limitations as to the claims against Petitioner?

   b. If the medical authorization was sufficient, was Respondent required to file his lawsuit on a Sunday?

2. Whether an immediate appeal of the aforementioned questions will materially advance the ultimate termination of the litigation.

3. Alternatively, if this Court grants the Petition, Respondent also asks this Court to grant its Cross-Petition to address the question of whether Respondent has standing to challenge the sufficiency of the authorization.

## STATEMENT OF THE FACTS

This is a medical malpractice case. In 2011, Respondent went to the doctor (Dr. James Lackey) for lower abdominal pain, nausea, and vomiting.[1] He was fatigued, dehydrated, and had a history of diverticulitis and hospitalizations for acute diverticulitis, the most recent one occurring one month prior. A CT scan revealed "a severely diseased sigmoid colon with underlying diverticular burden and a stricture." Respondent was referred to Nix Hospital for further treatment and evaluation.

Respondent was then seen by Dr. Gerardo E. Cárcamo (Co-Defendant in the underlying proceeding, but not a party to this request for an interlocutory appeal), who recommended a plan for surgery. Respondent agreed to the surgery but wanted it performed by a surgeon in Austin who had previously performed surgeries on family members. After the hospital inquired with the Austin surgeon and discovered he would not be available until the next week, Respondent requested surgery that day by Defendant Cárcamo. However, Defendant Cárcamo had left the hospital already and

---

[1]Respondent's Statement of Facts is drawn from Respondent's Fourth Amended Petition, which is Appendix D to the Petition.

informed the nursing staff that he would see Respondent the next morning.

The next morning, Petitioner, Dr. Ravi Botla, a gastroenterologist, consulted with Respondent. He recommended a colonoscopy. Respondent refused the colonoscopy and again expressed his decision to proceed with the surgery recommended by Defendant Cárcamo. Defendant Cárcamo spoke to Respondent, who again expressed his decision to proceed with the recommended surgery, but Defendant Cárcamo changed his plan to recommending a colonoscopy before surgery.

Thus, that day, Petitioner ordered, and Respondent was administered, "GoLYTELY" for gastrointestinal prep before the colonoscopy. Respondent did not have a bowel movement after the GoLYTELY was administered. Respondent began complaining of severe pain to his abdomen. Defendant Cárcamo and Petitioner were notified of Respondent's reaction to the GoLYTELY, but failed to examine Respondent or order any diagnostic tests. Respondent's abdominal pain ultimately worsened to a scale of 10 out of 10 for the next 12 hours. The next morning, a CT scan revealed the presence of free air, which was indicative of a perforated colon.

12

Respondent was immediately taken to the operating room, where Defendant Cárcamo found a perforated right colon and fecal contamination, which had progressed to sepsis. Defendant Cárcamo performed a right hemicolectomy (necessitated because of the perforated colon from the colon prep), sigmoidectomy (necessitated because of the diverticulitis, stricture, and obstruction), and end-colostomy with Hartmann pouch and wound VAC placement. Respondent then suffered extended hospitalization and multiple more surgeries during 2012.

In 2013, Respondent notified Defendant Cárcamo of the impending lawsuit against him, submitted to him a medical authorization under section 74.052 of the Texas Civil Practice and Remedies Code, and then filed the lawsuit. *Pet.App.B,C.* Petitioner concedes Respondent's suit against Defendant Cárcamo was timely filed. *Pet.* at 8. Then, in 2014, Respondent amended the lawsuit to add Petitioner. *Pet.App.D.* Petitioner filed a motion for summary judgment, contending the medical authorization submitted to Defendant Cárcamo was insufficient to trigger the tolling provision in section 74.015(c) of the Texas Civil Practice and Remedies Code. *Pet.App.E.* The trial court denied the motion and authorized the

appeal of three questions to this Court. *Pet. App. A.* Petitioner now asks this Court to grant him permission to appeal two of those questions (Questions One and Three authorized by the trial court). *Id.*

## SUMMARY OF THE ARGUMENT

This Court should deny the Petition. Precedent establishes that appellate courts regularly deny permissive appeals of orders denying summary judgment, such as the one in this case. *See Morgan Stanley & Co. LLC v. Fed. Deposit Ins. Co.,* No. 14-14-00849-CV, 2014 WL 6679611, *1 (Tex. App. – Houston [14th Dist.] 2014, no pet.) (denying permission to appeal denial of summary judgment motion); *see Jefferson Cty. v. Swain,* _ S.W.3d _, 2014 WL 6985118, *1 (Tex. App. – Beaumont 2014, no pet.) (twice denying County's request to permissively appeal denial of motion to dismiss).

A review of the record demonstrates the case law presented to the trial court (and recounted in the Petition) is not conflicting. Rather, the differing facts relied upon by the appellate courts, all applying the same well-established law, led to differing conclusions in those cases. *Phoenix Energy, Inc. v. Breitling Royalties Corp.,* No. 05-14-01153-CV, *2 (Tex. App. – Dallas 2014, no pet.) (denying

14

permissive appeal because "difference of opinion" in the purportedly "conflicting" precedent arose from difference in facts in each case, not different interpretation of the governing law). In other words, the law is well-established and is regularly applied by trial courts based on the specific facts of the case, as occurred here.

Additionally, this appeal, if allowed, will not lead to an "ultimate termination of the litigation," as required by section 51.014(d), because, even if Petitioner prevails, which Respondent disputes, the remaining claims against the Co-Defendant Cárcamo will remain at the trial court until final resolution and then move forward on appeal to this Court. Thus, Respondent respectfully requests this Court deny the Petition and dismiss the appeal.

Alternatively, if this Court grants the Petition, Respondent respectfully requests this Court grant his Cross-Petition and also allow review of the remaining question authorized by the trial court: whether Petitioner had standing to challenge the sufficiency of the authorization (Question Two in the trial court's order). *Pet.App.A.*

# ARGUMENT

## I.
### STANDARD OF REVIEW

Courts of appeals do not have jurisdiction over appeals from interlocutory orders unless authorized by statute. *Tex. A & M Univ. Sys. v. Koseoglu,* 233 S.W.3d 835, 840 (Tex. 2007). Under section 51.014(d), this Court may accept a permissive interlocutory appeal if: (1) the order being appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation. TEX. CIV. PRAC. & REM.CODE § 51.014(d), (f); *Hebert v. JJT Const.,* 438 S.W.3d 139, 140 (Tex. App. -- Houston [14th Dist.] 2014, no pet.).

In determining whether to accept the appeal, this Court is required to strictly construe the exacting requirements of an interlocutory appeal governed by section 51.014(d). *State Fair of Tex. v. Iron Mountain Info. Mgmt., Inc.,* 299 S.W.3d 261, 264 (Tex. App. -- Dallas 2009, no pet.). Moreover, the fact that the trial court might have erred is not, on its own, a basis for a permissive appeal. *Target Corp. v. Ko,* No. 05-14-00502-CV, *1 (Tex. App. – Dallas

16

2014, no pet.) (denying permissive appeal from denied summary judgment based on statute of limitations, stating "the fact that the trial court may have erred in not granting summary judgment is not a basis for a permissive appeal"). Rather, the pivotal question is whether the law governing the issue appealed is unclear. In this case, the law is clear. And, according to Respondent, the trial court correctly applied the law.

## II.
### THE RULINGS PETITIONER SEEKS TO IMMEDIATELY APPEAL DO NOT CONSTITUTE "CONTROLLING QUESTIONS OF LAW ABOUT WHICH THERE IS A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION"

In this case, the case law cited by Petitioner demonstrates that the law governing the summary judgment ruling is well-settled. *Target Corp. v. Ko*, No. 05-14-00502-CV, *1 (Tex. App. – Dallas 2014, no pet.) (denying permissive appeal on question of whether statute of limitations was tolled because law governing the question was "well settled"); *King-A Corp. v. Wehling*, No. 13-13-00100-CV, 2013 WL 1092209, *1 (Tex. App. – Corpus Christi, Mar. 14, 2013, no pet.) (same). While Petitioner may not agree with the application by the trial court of that law to the specific facts of this case, Petitioner's disagreement, in and of itself, does not authorize an

17

interlocutory appeal. *King–A Corp.*, 2013 WL 1092209, at *3 ("[W]e disapprove of the notion that this standard [substantial ground for difference of opinion] is met by default whenever a trial court rules against a petitioner for permissive review.").

## A. *The law governing the sufficiency of medical authorizations is well-established.*

The parties dispute whether the medical authorization, *Pet.App.F* at Exh.E, is sufficient. Petitioner contends the resolution of this question is based on "controlling questions of law as to which there are substantial grounds for differences of opinion." *Pet.* at 16. However, a review of the purportedly "conflicting" case law cited by Petitioner, discussed in more detail below, reveals that each case relied upon stems from a different set of facts. Thus, there are no varying opinions as to the governing law, but rather, there are varying factual underpinnings of the relied upon cases leading to different results in those cases. *Phoenix Energy, Inc. v. Breitling Royalties Corp.*, No. 05-14-01153-CV, 2014 WL 6541259, *2 (Tex. App. – Dallas 2014, no pet.) (denying permissive appeal because "difference of opinion" arose from difference in facts in each case, not different interpretation of the governing law). In other words,

there are no conflicting "questions of law" as required by section 51.014(d), but rather, courts of appeals applying well-established law to varying sets of facts.

The Petition discusses the case law cited by Petitioner, as well as the case law cited by Respondent, in an attempt to portray a conflict of law. Yet, a close look at these cases shows that they all consistently apply the same law. For example, in *Mock v. Presbyterian Hosp. of Plano*, 379 S.W.3d 391 (Tex. App.—Dallas 2012, pet. denied), the authorization form in question "did not authorize [defendants] to obtain the specified health information about the decedent[,] [but] [i]instead, the authorization form authorized the [defendants'] counsel to obtain that information." The appellate court concluded that as long as the plaintiff provides the statutorily prescribed authorization form, the failure to complete one of the blanks on the form does not render the form defective. *Id.* at 394. The court based its decision on the statute's mandate that the form specified in section 74.052 is what must be provided. *Id.* The court held that the plaintiffs used a "medical authorization form [that] precisely tracked the statutorily prescribed text." *Id.* That the plaintiffs "filled the second blank out incorrectly"

19

did not render the form defective. *Id.* Rather, the form still "satisfied the legislative purpose," *i.e.*, to provide "fair warning of a claim and an opportunity to abate the proceedings for negotiations and evaluation of the claim[.]" *Id.* (citing with approval *Rabatin v. Kidd*, 281 S.W.3d 558, 562 (Tex. App.—El Paso 2008, no pet.)). Accordingly, the statute of limitations was tolled under section 74.051(c). *Mock*, 379 S.W.3d at 392; *see also Rabatin v. Kidd*, 281 S.W.3d 558, 562 (Tex. App.—El Paso 2008, no pet.) (errors and omission in section 74.052 form do not render authorization insufficient).

Petitioner contrasts the aforementioned cases to other cases in an attempt to demonstrate a "conflict" in the case law. However, a review of Petitioner's case law reveals that his cases are based on completely different facts, namely situations where there was either (1) a complete lack of authorization form during the statutorily prescribed time, or (2) a form that failed to follow the form language specifically outlined in the statute – neither of which were present in the underlying case before this Court. For example, in *Cantu v. Mission Reg. Med. Ctr.,* 13-12-00568-CV, 2014 WL 1879292 (Tex. App. – Corpus Christi 2014, no pet.), "the authorization forms that

Cantu provided did not correctly track the statutorily prescribed text nor provide any of the specified information." In fact, the *Cantu* court, after reviewing its fact in light of the precedent established by *Mock* and *Rabatin,* determined that the same law applied, but that the different facts of *Cantu* required a different result. *Id.* at 4.

Petitioner also relied upon *Mitchell v. Methodist Hosp.*, 376 S.W.3d 833, 837 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). There, again, existed a different set of facts from those underlying this case, *Mock,* and *Rabatin.* In *Mitchell,* the plaintiffs did not use a section 74.052(c) form; instead, "they provided Methodist with a HIPPA-compliant form generally authorizing the disclosure of Mitchell's protected health care information." *Id.* Additionally, Petitioner relied on *Brannan v. Toland,* No. 01–13–00051–CV, 2013 WL 4004472, *2 (Tex. App.—Hous. [1st Dist.] Aug. 6, 2013, pet. denied) (mem. op.), where once again, the plaintiffs did not use a section 74.052(c), but, rather, "they provided a blank medical-records release authorization form, containing Charles Brannan's signature only."

Thus, a review of the purportedly "conflicting" law reveals that there is, indeed, no conflict. When a section 74.052 form is used,

even if it is filled out incorrectly, the governing law provides that it is sufficient; when a non-section 74.052 form is used, it is deemed insufficient. As a result, although there may be differing conclusions reached by varying appellate courts, those differing conclusions result not from conflicting interpretations of the law, but rather, from the differences in the facts in each case. In such circumstances, no permissive appeal is allowed. *Phoenix Energy, Inc.,* 2014 WL 6541259, *2.

**B.** *It is well-established that plaintiffs do not have to file lawsuits on Sundays.*

At the outset, Respondent contends this Court need not consider this question in the section 51.014(d) analysis, *i.e.,* whether to grant the Petition for Permissive Appeal, because the question turns on a fact issue – whether Respondent's claim accrued on December 17, 2011 (the first day of Petitioner's treatment of Respondent) or December 18, 2011 (the second day of Petitioner's treatment of Respondent). The only way that Petitioner's question on appeal becomes relevant is if Respondent's claim accrued on the earlier date, thereby requiring him to file suit,

according to Petitioner, on a Sunday, as opposed to on the next Monday, which is when Respondent filed suit. *Pet.* at 20.

However, because the factual dispute (of when Respondent's cause of action accrued) has yet to be resolved and has not been appealed (and has not been authorized by the trial court to appealed), this outstanding factual dispute precludes a permissive interlocutory appeal of this question. *See In re Estate of Fisher*, 421 S.W.3d 682, 685 (Tex. App. – Texarkana 2014, no pet.) (when issue raised in permissive appeal is controlling *fact* question, as opposed to controlling *legal* question, then appeal does not fall within section 51.014(d)).

If this Court disagrees, then it should, nonetheless, deny the Petition because the law governing whether lawsuits must be filed on Sundays, as opposed to the following Monday, is well-established. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.072; TEX. R. CIV. P. 4 (allowing extension of deadlines falling on weekends and holidays to the following business day).

Petitioner maintains that medical malpractice cases are excluded from the extension provided by Rule 4 and section 16.072 and contends its argument presents an issue of first impression.

Chapter 74 has been on the books since 2003. Medical Malpractice & Tort Reform Act of 2003, 78th Leg., R.S., ch. 204, § 10.11(a)(5), 2003 Tex. Gen Laws 847, 884. Yet, in the 12 years passing between Chapter 74's enactment and this case, Petitioner can point to *no case* wherein a court, trial or appellate, has excluded a medical malpractice case from the extension provisions found in Rule 4 and section 16.072.

Thus, although Petitioner labels its argument as one of "first impression" in an attempt to trigger the requirement of an immediate appeal under section 51.014(d), *Pet.* at 20, in all actuality, Petitioner's argument is but a rogue minnow swimming upstream against the plethora of authority demonstrating that medical malpractice cases are regularly found and held to be governed by Rule 4 and section 16.072. *See generally Barlow v. Konda*, No. 05-98-00797-CV, n.3 (Tex. App. – Dallas 2000, no pet.) (unpublished) (holding that notice of a medical malpractice suit on a Tuesday "would be timely" because the potential accrual dates occurred on a "Saturday, Sunday, and Martin Luther King, Jr. Day [a legal holiday]" and citing to section 16.072).

## III.
### AN IMMEDIATE APPEAL OF THE QUESTIONS WILL NOT MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION

Petitioner argues that an appellate review of the summary judgment order will materially advance the ultimate termination of the litigation because, if Petitioner is correct about the legal issues, which Respondent disputes, then Respondent's claims against Petitioner are time-barred. However, regardless of the outcome of this requested appeal, the litigation *will continue* because there remains another co-defendant at the trial court level, Defendant Cárcamo. This fact precludes a determination that this appeal will lead to the ultimate termination of the litigation. *See Gulf Coast Asphalt Co. v. Lloyd,* _ S.W.3d _, 2015 WL 393407, *5 (Tex. App. – Houston [14th Dist.) Jan. 29, 2015, no pet. h.) (denying permission to appeal, noting there is little authority available for the standard imposed, and recommending looking to federal law for guidance); *New Jersey Reg. Council of Carpenters v. D.R. Horton, Inc.,* No. 08-1731, 2011 WL 1322204, *5 (D.N.J. 2011) ("In this case, certification would not materially advance the ultimate termination of the litigation. While a successful appeal would remove Horton from the case, it would not end the litigation, as the plaintiffs would

25

continue to litigate against Horton–N.J. and Tosa.") (quoting and citing with approval *Speir v. Robert C. Herd & Co.*, 189 F.Supp. 436 (D.C.Md. 1960) ("But in the instant case there are now three defendants. The case will proceed against the other two in any event, and the retention of Newtex is not likely to prolong the trial appreciably. It will cause some expense to Newtex, which would be avoided if my order were reversed on appeal. That consideration, however, must be weighed against the policy discouraging 'piecemeal appeals', discussed in the cases cited and in other opinions under sec. 1292(b). Under the circumstances of this case, I should not make the requested statement in the order").

In other words, if this Court grants the Petition, it does not secure an "ultimate termination" of the litigation; rather, it only ensures that two, as opposed to one, appeal will stem from the underlying case. After this appeal is completed, regardless of the outcome, the remaining claims will need to be disposed of by the trial court (whether those claims involve both Petitioner and Defendant Cárcamo or just Defendant Cárcamo) and then, in all likelihood, this Court will face yet another appeal involving those remaining claims.

Another case from this Court provides a good example of how interlocutory appeals sometimes add to the extent of litigation, as opposed to triggering the "ultimate termination of the litigation." *See Gulley v. State Farm Lloyds,* _ S.W.3d _, 2014 WL 7339462, *2 (Tex. App. – San Antonio Dec. 23, 2014, no pet. h.) (case originally filed in 2008; this court was addressing the third appeal in the underlying case, the first of which was a permissive interlocutory appeal filed and accepted in 2010, which should have been accepted only if the appeal led to the "ultimate termination of the litigation").

Additionally, Respondent notes that this Petition fails to address the claims brought by Respondent against Petitioner that accrued on December 18, 2011. For those claims, Petitioner's "you must file on Sunday" argument is inapplicable because the limitations period ended on a Monday, which is the date the lawsuit was filed. As a result, those claims would not be disposed of by this appeal, even assuming Petitioner is successful. Accordingly, those claims would remain at the trial court level, along with the claims pending against Defendant Cárcamo.

In conclusion, Respondent contends this appeal, if permitted,

will not lead to the ultimate termination of the litigation, as is required by section 51.014(d). Accordingly, in light of the foregoing grounds, this Court should deny the Petition and dismiss the appeal.

## IV.
### ALTERNATIVELY, IN THE EVENT THIS COURT GRANTS THE PETITION, RESPONDENT CROSS-PETITIONS FOR PERMISSION TO APPEAL THE ADDITIONAL QUESTION AUTHORIZED BY THE TRIAL COURT: WHETHER PETITIONER HAD STANDING TO CHALLENGE THE SUFFICIENCY OF THE AUTHORIZATION

In the event this Court rejects this Response and grants the Petition, Respondent respectfully requests this Court also grant this Cross-Petition so that the Court may consider all three questions authorized by the trial court. Specifically, the trial court authorized the appeal of the following question: Does a defendant health care provider or physician, who did not receive a notice letter and authorization under section 74.051(a) of the Texas Civil Practice and Remedies Code, have standing to complain that an authorization provided to another health care provider or physician named and sued as a defendant in the same lawsuit is insufficient to toll the statute of limitations pursuant to Section 74.051(c)? *Pet.App.A,G* (Respondent challenged standing on page 4 of his

28

summary judgment response).

In accordance with Texas Rule of Appellate Procedure 28(e)(1), Respondent provides this Court with the following in regard to its Cross-Petition: (1) trial court information: *Salvador Del Toro v. Gerardo E. Carcamo, M.D., and Ravi Botla, M.D.,* No. 2013-CI-19135, 131st District Court, Bexar County, Hon. Peter Sakai, presiding; (2) order: January 22, 2015 Order Denying Motion for Summary Judgment and Granting Permission to Appeal (attached as App.A); (3) Respondent Salvador Del Toro desires to appeal the remaining authorized question should this Court grant Petitioner's Petition requesting appeal of two of the three authorized questions; (4) appeal is taken to the Fourth Judicial District Court of Appeals; (5) this appeal will be accelerated in accordance with Texas Rule of Appellate Procedure 28.3(k).

Respondent contends that if this Court grants the Petition, it should also grant review of the aforementioned question for the following reasons. First, if this Court grants the Petition, which asks whether the authorization is sufficient, then a question preceding that inquiry is whether Petitioner even has the right to challenge sufficiency in the first place. It would be inefficient and

unproductive to allow Petitioner's sufficiency issue to be addressed without first determining if Petitioner has standing to bring the challenge in the first place.

Second, in order for this Court to have granted the Petition, this Court must have adopted Petitioner's position on how the Court should interpret the law requiring the existence of a "controlling question of law as to which there are substantial grounds for differences of opinion." That section 51.014 analysis, as urged by Petitioner, also requires this Court to hold that the aforementioned question, related to Petitioner's standing, also satisfies that standard. Specifically, the question of whether a defendant, not served with the purportedly deficient authorization, can bring a challenge to the sufficiency of the authorization, has not yet been addressed by any appellate court. Therefore, that question is novel and one of first impression, which is the same argument made by Petitioner with regard to the other two questions sought to be appealed in this proceeding. *Pet.* at 22.

Moreover, the second prong of section 51.014 is met because the appeal of the aforementioned question may materially advance the ultimate termination of the litigation. Specifically, if this Court

allows appeal of this question and Respondent succeeds, then the parties are much more likely to settle their claims before a trial on the merits, as opposed to going through with a trial and then appealing the issues to this Court.

## CONCLUSION

This Court should deny the Petition. The questions raised by Petitioner do not constitute "controlling questions of law about which there is a substantial ground for difference of opinion." Moreover, an immediate appeal based on these questions will not materially advance the ultimate termination of the litigation. As such, Respondent respectfully requests this Court deny the Petition and dismiss this appeal. Alternatively, if this Court grants this Petition, Respondent respectfully requests this Court grant his Cross-Petition and permit review of the additional question authorized by the trial court: whether Petitioner had standing to challenge the sufficiency of the authorization.

Respectfully submitted,

KELLER STOLARCZYK PLLC
234 West Bandera Road,
No. 120
Boerne, Texas 78006
Telephone: 830.981.5000
Facsimile: 888.293.8580

By:   <u>/s/Kimberly S. Keller</u>
Kimberly S. Keller
State Bar No. 24014182
Email: kim@kellsto.com

George W. Mauzé, II
SBN: 13238800
MAUZÉ LAW FIRM
2632 Broadway, Suite 400S
San Antonio, Texas 78215
Tele: 210.225.6262
Facs: 210.354.3909

*Counsel for Respondent*

## CERTIFICATE OF COMPLIANCE & SERVICE

I certify that this Response in Opposition to the Petition for Permission to Appeal Order Denying Motion for Summary Judgment and Alternative Cross-Petition contains 3,988 words. Also, on February 23, 2015, I served a copy of this Response in Opposition to the Petition for Permission to Appeal Order Denying Motion for Summary Judgment and Alternative Cross-Petition on those individuals listed below via this Court's e-filing system or facsimile:

Diana L. Faust
Michelle E. Robberson
COOPER & SCULLY, P.C.
900 Jackson Street, Suite 100
Dallas, Texas 75202

Brett B. Rowe; Nicki K. Elgie
EVANS, ROWE & HOLBROOK, P.C.
10101 Reunion Place, Suite 900
San Antonio, Texas 78216

/s/Kimberly S. Keller
Kimberly S. Keller

DOCUMENT SCANNED AS FILED


2013CI19135 -D131

CAUSE NO. 2013-CI-19135

| | | |
|---|---|---|
| SALVADOR DEL TORO, JR. | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 131ST JUDICIAL DISTRICT |
| | § | |
| GERARDO E. CÁRCAMO, M.D. AND | § | |
| RAVI BOTLA, M.D. | § | BEXAR COUNTY, TEXAS |

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND FOR SEVERANCE OF DEFENDANT RAVI BOTLA, M.D. AND GRANTING PERMISSION TO APPEAL

On the 16th day of September, 2014 and 6th day of January, 2015, came on to be heard the Motion for Summary Judgment and for Severance of Defendant Ravi Botla, M.D. The Court, having considered the Motion, Plaintiff's Opposition, Defendant's Reply, letter briefings, pleadings timely filed, the summary judgment evidence, and argument of counsel, hereby **DENIES the Motion for Summary Judgment and for Severance** for the reasons more specifically set forth below.

The Court hereby **GRANTS** Defendant's motion for permission to appeal this Order pursuant to Texas Civil Practice and Remedies Code Section 51.014(d), as to the legal issues and substantive rulings contained herein.

**THE COURT FINDS** that this Order involves three controlling questions of law as to which there is a substantial ground for a difference of opinion:

1. Was Plaintiff's medical authorization attached to his Chapter 74 notice letter sufficient to toll the statute of limitations pursuant to Section 74.051(c) of the Texas Civil Practice and Remedies Code?

2. Does a defendant health care provider or physician, who did not receive a notice letter and authorization under section 74.051(a) of the Texas Civil Practice and Remedies Code, have standing to complain that an authorization provided to another health care provider or physician named and sued as a defendant in the same lawsuit is insufficient to toll the statute of limitations pursuant to Section 74.051(c)?

3. In light of the "notwithstanding any other law" language of Texas Civil Practice and Remedies Code Section 74.251 and the conflict provision of Section 74.002, does Rule 4 of the Texas Rules of Civil Procedure and Texas Civil Practice and Remedies Code Section 16.072 nonetheless operate to extend the statute of limitations in a Chapter 74 health care liability claim when the last day of the applicable limitations period falls on a weekend or legal holiday?

In denying Defendant Ravi Botla, M.D.'s Motion for Summary Judgment through this Order, the Court makes the following substantive rulings on the above-stated legal questions presented:

1. Plaintiff's medical authorization attached to his Chapter 74 notice letter was sufficient to toll the statute of limitations pursuant to Section 74.051(c) of the Texas Civil Practice and Remedies Code. The language in Section A of the Authorization providing that Dr. Gerardo E. Carcamo, M.D. could "obtain and disclose (within the parameters set out below) to Mauze Law Firm" did not render the authorization insufficient to toll the statute of limitations as to Defendant Ravi Botla, M.D. because Defendant Gerardo E. Carcamo, M.D. requested and obtained medical records with said authorization. Likewise, Plaintiff's failure in Section B.2 of the Authorization to identify some of the physicians or health care providers who examined, evaluated, or treated Plaintiff or a pharmacy which filled prescriptions during a period commencing the five years prior to the incident making the basis of Plaintiff's claim (The People's Clinic, which performed an employment physical; Seton Medical Center; HEB Pharmacy) did not render the authorization insufficient to toll the statute of limitations.

2. A defendant health care provider or physician who does not receive a Section 74.051(a) notice letter and medical authorization does have standing to complain that an authorization provided to another health care provider or physician named and sued in the same lawsuit is insufficient to toll the statute of limitations as to the challenging defendant health care provider or physician.

3. Defendant Ravi Botla, M.D. provided care on both December 17th and 18th, 2011. To the extent that Plaintiff establishes any negligent act or omission on December 18, 2011, or thereafter, the petition was filed timely on March 3, 2014. However, to the extent that December 17, 2011 triggers the applicable limitations period, Section 74.051(c) operates to toll that period through Sunday, March 2, 2014. Rule 4 of the Texas Rules of Civil Procedure and Section 16.072 of the Civil Practice and Remedies Code apply and their operation extends the applicable statute of limitations period through Monday, March 3, 2014, irrespective of the "notwithstanding any other law" language of Section 74.251 and the conflict provision of Section 74.002 of the Texas Civil Practice and

2

Remedies Code. Thus, Plaintiff's petition naming Ravi Botla, M.D. as a defendant was timely filed.

THE COURT FURTHER FINDS that an immediate appeal of this Order may materially advance the ultimate termination of the litigation because if this Order is reversed (1) Plaintiff's claim against Defendant Ravi Botla, M.D. will be barred by the statute of limitations and therefore dismissed with prejudice if Plaintiff's medical authorization failed to toll the applicable limitations period; and (2) even assuming the medical authorization was sufficient to trigger tolling of limitations pursuant to section 74.051(c) of the Texas Civil Practice and Remedies Code, Plaintiff's claim against Defendant Ravi Botla, M.D. may be barred by the statute of limitations if Section 74.251's period of limitations shall not be extended by operation of Rule 4 of the Texas Rules of Civil Procedure and Section 16.072 of the Texas Civil Practice and Remedies Code.

IT IS FURTHER ORDERED that Defendant Ravi Botla, M.D. is granted permission to pursue an interlocutory appeal of this Order pursuant to Texas Civil Practice and Remedies Code Section 51.014(d).

IT IS SO ORDERED.

Signed this date: _____ **JAN 2 2 2015** _____

_____
HONORABLE JUDGE PETER SAKAI

APPROVED AS TO FORM ONLY:

MAUZE LAW FIRM
2632 Broadway, Suite 401S
San Antonio, Texas 78215

3

Phone: (210) 225-6262
Fax: (210) 354-3909
Email: gmauze@mauzelawfirm.com

By: _____
GEORGE W. MAUZE, II
State Bar No. 13238800

ATTORNEY FOR PLAINTIFF


EVANS, ROWE & HOLBROOK, P.C.
10101 Reunion Place, Suite 900
San Antonio, Texas 78216
Phone: (210) 340-6555
Fax: (210) 340-6664
Email: bbrowe@evans-rowe.com
Email: nelgie@evans-rowe.com

By: _____
BRETT B. ROWE
State Bar No. 17331750
NICKI K. ELGIE
State Bar No. 24069670

ATTORNEYS FOR DEFENDANT RAVI BOTLA, M.D.