*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


## OPINION

No. 04-12-00057-CV

**STATE FARM LLOYDS**,
Appellant

v.

Dora **GULLEY**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-03371
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:      Sandee Bryan Marion, Justice

Sitting:         Catherine Stone, Chief Justice
                 Sandee Bryan Marion, Justice
                 Marialyn Barnard, Justice

Delivered and Filed:  September 5, 2012

DISMISSED FOR WANT OF JURISDICTION

        The underlying litigation is a dispute over insurance coverage.  Appellant, State Farm

Lloyds ("State Farm"), filed this accelerated appeal on "a controlling question of law as to which

there is a substantial ground for difference of opinion" pursuant to the version of Texas Civil

Practice and Remedies Code section 51.014(d) in effect in 2010.  Before we may reach the

merits of the "controlling question of law," however, we must first address the threshold issue of

whether this court has jurisdiction over this interlocutory appeal.  Because we conclude appellee,

Dora Gulley, the plaintiff below, did not agree to this appeal, we do not have jurisdiction and we must dismiss this appeal.

## BACKGROUND

Gulley has maintained insurance on her house with State Farm since 1996. In 2007, Gulley filed a claim under her policy for damage caused by foundation movement resulting from a below-slab plumbing leak. State Farm determined the damage was covered under the policy's Dwelling Foundation Endorsement ("DFE") and made payment to Gulley, subject to the fifteen percent coverage limitation. Although she accepted this payment, Gulley later sued State Farm for breach of contract contending she was entitled to additional benefits under the policy's Water Damage Endorsement. Gulley and State Farm filed cross-motions for summary judgment. In Gulley's October 2008 traditional motion for partial summary judgment, she argued the damage was covered under both endorsements. In State Farm's April 2009 motion for traditional summary judgment, State Farm argued the damage was covered under only the DFE and was, therefore, subject to the fifteen percent cap. State Farm's motion also included a no-evidence portion with respect to Gulley's claim for additional living expenses.

On July 10, 2009, the trial court signed an order denying both summary judgment motions. Thereafter, Gulley filed a second motion for partial summary judgment with additional evidence, and State Farm filed a motion to reconsider its cross-motion for summary judgment as well as a new "Motion for Summary Judgment Regarding Actual Injury Rule, Non-Fortuitous Loss, and Non-Segregation of Claimed Damage." On June 9, 2010, the trial court signed an order denying all motions, and the case was set for trial on August 23, 2010. On the eve of trial, Gulley's attorney suggested the parties pass the trial date and seek an interlocutory appeal. On

August 23, 2010, State Farm's attorney sent the following letter to Gulley's attorney, which Gulley's attorney signed as "Agreed":

> Pursuant to our conversation this morning, I am writing to confirm that we will not be trying this case at this time. If we receive notice from the court that we have been assigned, we agree to [1] pass on that assignment, [2] inform the court that we have decided at this time to pursue an interlocutory appeal under Section 51.014 . . . and [3] request that we be given a new trial date within the next 90 days in the event we are unable to secure an interlocutory appeal for some reason. If you are in agreement, please indicate by signing below and returning this letter to me so that it can be filed as a Rule 11 Agreement with the Court. . . .

In the meantime, also in August 2010, both parties filed motions to reconsider their summary judgment motions. On January 12, 2011, the trial court ruled that both parties' summary judgment motions were denied. Within the same written order, the court authorized an immediate interlocutory appeal under section 51.014(d). On January 25, 2011, State Farm's attorney sent the following letter to Gulley's attorney, which Gulley's attorney signed as "Agreed":

> I am writing to confirm the terms of our agreement regarding the contents of the order authorizing an interlocutory appeal . . . . It is my understanding that you will agree to sign our proposed order which involves only one controlling question of law: [the same as above].
>
> In return, State Farm will agree that in the event the Court of Appeals accepts this interlocutory appeal [under section 51.014(d)], State Farm will agree not to assert in any trial following the decision from the Court of Appeals its defenses based on the Actual Injury Rule or the Non-Fortuitous Loss argument. If the Court of Appeals does not accept this interlocutory appeal, State Farm will still be entitled to assert any and all defenses in any trial following the rejection of the interlocutory appeal by the Court of Appeals.
>
> . . . .

After State Farm filed its notice of appeal, a panel of this court declined to hear the appeal. This court held that by denying both motions for summary judgment and declining to adopt any interpretation of the policy's endorsements, "the trial court failed to comply with its duty to rule on the substantive legal issue, instead opting to ask this Court to make the initial

'matter of law' decision through an agreed interlocutory appeal." *Gulley v. State Farm Lloyds*, 350 S.W.3d 204, 207 (Tex. App.—San Antonio 2011, no pet.). The cause was reversed and remanded to the trial court to allow the court "to make a substantive decision on the 'matter of law' question presented by the parties' competing summary judgment motions." *Id.* at 208.

Following remand, the trial court considered Gulley's earlier-filed second motion for partial summary judgment and State Farm's earlier-filed motion to reconsider its cross-motion for summary judgment. On August 17, 2011, the trial court granted Gulley's motion and denied State Farm's. Sometime in November 2011, Gulley's attorney informed State Farm that Gulley no longer wanted an interlocutory appeal, but instead, wanted to go to trial. In December 2011, State Farm filed a "Motion to Enforce Rule 11 Agreement" based on Gulley's refusal to pursue an interlocutory appeal.

At the January 11, 2012 hearing on the motion to enforce, State Farm's attorney stated, "[i]t has been State Farm's position all along that this really was a matter of law issue and that it should have been decided by summary judgment, which is why we came back twice trying to get that done." Gulley argued that the reason the parties initially agreed to an interlocutory appeal was "neither one of us had a trial ruling on the basic question. Had we had one, we wouldn't need an interlocutory appeal because we would have been able to either settle it or try it based on a [trial] court ruling." Gulley also argued:

> . . . We thought we could get the Court of Appeals to help us out. They would not do so. And so now we're back where we started at square one, except we do have a trial court ruling. There's no reason for an interlocutory appeal.
>
> . . . .
>
> The basic point is that the Rule 11 [agreement] requires that the Fourth Court have accepted that appeal. And we knew that they might not, because we had not found a case like this where the trial court had not ruled on a summary judgment motion. . . . .

State Farm's attorney responded that Gulley's attorney was referring to the January 25, 2011 letter, but the purpose of the August 23, 2010 letter was that the parties agreed they would not go to trial. State Farm's attorney stated he was trying to enforce only the August 23, 2010 agreement, which "clearly says we're going to pass on the trial, and we're going to pursue the appeal." The trial court, from the bench, initially decided to overrule the motion to enforce, but after hearing additional arguments, decided to take the matter under advisement. On January 12, 2012, the trial court granted the motion to enforce, and, on January 27, 2012, State Farm again appealed to this court.

On February 1, 2012, Gulley filed an "Objection on Jurisdictional Grounds to Defendant State Farm's Notice of Agreed Interlocutory Appeal." Gulley argued that because this court "rejected" and "did not accept" the first interlocutory appeal, the Rule 11 agreement was no longer binding on her.

## JURISDICTION OVER THIS APPEAL

We must determine whether the court has jurisdiction over this interlocutory appeal. Gulley asserts that although she agreed to an interlocutory appeal from the trial court's two orders *denying* both parties' motions for summary judgment, such agreement was conditioned on this court "accepting" that first appeal. Gulley contends this court did not "accept" the first interlocutory appeal and she has not agreed to a second interlocutory appeal of the trial court's August 17, 2011 order granting her motion and denying State Farm's motion. State Farm counters that the Rule 11 agreement does not restrict the interlocutory appeal to any specific order, and the agreement "manifests" the parties' intent to pursue an interlocutory appeal in order to have this court determine the "controlling question of law." State Farm urges this court to interpret and enforce the parties' agreement as it would any other Rule 11 agreement.

Interlocutory orders not disposing of all parties are immediately appealable in only narrow situations permitted by statute. *State Fair of Tex. v. Iron Mountain Info. Mgmt., Inc.*, 299 S.W.3d 261, 262 (Tex. App.—Dallas 2009, no pet.); *see Gross v. Innes*, 988 S.W.2d 727, 729 (Tex. 1998); *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). Statutes authorizing interlocutory appeals are strictly construed. *W. Dow Hamm III Corp. v. Millennium Income Fund, L.L.C.*, 237 S.W.3d 745, 751 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The version of the Texas Civil Practice and Remedies Code in effect in 2010 authorized an interlocutory appeal as follows:

> (d) A district court, county court at law, or county court may issue a written order for interlocutory appeal in a civil action not otherwise appealable under this section if:
>
> > (1) the parties agree that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion;
> >
> > (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation; and
> >
> > (3) *the parties agree to the order*.

Former TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (emphasis added).[1]

To determine whether Gulley agreed to this second interlocutory appeal, we must construe the parties' August 23, 2010 and January 25, 2011 agreements (collectively, "the Rule 11 agreement"). As with any other contract, our primary objective in construing a Rule 11 agreement is to ascertain and give effect to the intentions the parties have objectively manifested in the written instrument. *Trudy's Tex. Star, Inc. v. City of Austin*, 307 S.W.3d 894, 914 (Tex. App.—Austin 2010, no pet.). We interpret Rule 11 agreements based on the intention of the

---

[1] Amended by Acts 2011, 82nd Leg., R.S., ch. 203 (H.B. 274), § 3.01, effective Sept. 1, 2011. All further references are to section 51.014 effective when the parties signed the Rule 11 agreement.

parties from the language of the entire agreement in light of the surrounding circumstances, including the state of the pleadings, the allegations therein, and the attitude of the parties with respect to the issues. *Garza v. Villarreal*, 345 S.W.3d 473, 479 (Tex. App.—San Antonio 2011, pet. denied). Courts should examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument. *Id.* We presume that the parties to a contract intend every clause to have some effect. *Ogden v. Dickinson State Bank*, 662 S.W.2d 330, 332 (Tex. 1983). An agreement between parties will not be given greater effect than intended. *Austin v. Austin*, 603 S.W.2d 204, 207 (Tex. 1980).

The August 23, 2010 agreement stated as follows:

> Pursuant to our conversation this morning, I am writing to confirm that we will not be trying this case *at this time*. If we receive notice from the court that we have been assigned, we agree to [1] pass on that assignment, [2] inform the court that we have decided at this time to pursue an interlocutory appeal under Section 51.014 . . . and [3] request that we be given a new trial date within the next 90 days *in the event we are unable to secure an interlocutory appeal **for some reason***. If you are in agreement, please indicate by signing below and returning this letter to me so that it can be filed as a Rule 11 Agreement with the Court. [Emphasis added.]
>
> . . . .

The January 25, 2011 agreement stated as follows:

> I am writing to confirm the terms of our agreement regarding the contents of the order authorizing an interlocutory appeal . . . . It is my understanding that you will agree to sign our proposed order which involves only one controlling question of law . . . .
>
> In return, State Farm will agree that *in the event the Court of Appeals accepts this interlocutory appeal* [under section 51.014(d)], State Farm will agree not to assert in any trial following the decision from the Court of Appeals its defenses based on the Actual Injury Rule or the Non-Fortuitous Loss argument. *If*

> *the Court of Appeals does not accept this interlocutory appeal*, State Farm will still be entitled to assert any and all defenses in any trial *following the rejection of the interlocutory appeal by the Court of Appeals*. [Emphasis added.]
>
> . . . .

At the time the parties reached their Rule 11 agreement, the trial court had denied both motions, and the parties sought recourse with this court by filing the first—agreed—interlocutory appeal in an attempt to obtain a ruling on the "controlling question of law." We believe the parties' intention as expressed in the agreement was that trial would be stayed and certain defenses would be foregone on the condition this court accepted the first interlocutory appeal. Both the August 23, 2010 and the January 25, 2011 agreement are silent as to any further actions the parties would take in the event this court did not "accept" the interlocutory appeal. There is nothing in the Rule 11 agreement that indicates the parties intended the agreement to apply to more than one interlocutory appeal. In fact, the language of the agreement unambiguously limits itself to "this [the first] interlocutory appeal."

With this court having refused to "accept" the first appeal and the parties finally obtaining a ruling from the trial court, we conclude Gulley did not agree to a second interlocutory appeal. Therefore, the trial court erred when it granted State Farm's motion to enforce the Rule 11 agreements over Gulley's objection. Because Gulley did not agree to this interlocutory appeal, we do not have jurisdiction and must dismiss. For this reason, we do not reach the merits of the "controlling question of law" raised on appeal.

Sandee Bryan Marion, Justice