**Petition for Permission to Appeal Denied and Opinion filed July 10, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00430-CV

---

### CHARLES HEBERT AND TREASA ANTHONY, Appellants

### V.

### JJT CONSTRUCTION, JJT CONSTRUCTION INC., EMMANUEL D. WATSON D/B/A JJT CONSTRUCTION, GULF COAST CLAIMS SERVICE, WILLIAM "BILL" BROOKS AND UNDERWRITERS AT LLOYDS, LONDON, Appellees

---

**On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2012-65266**

---

## O P I N I O N

Before this court is a petition for permission to appeal an interlocutory order that is not otherwise appealable. Charles Hebert and Treasa Antony, referred to as appellants, filed a petition under Texas Rule of Appellate Procedure 28.3 seeking permission from this court for an interlocutory appeal under Texas Civil Practice and Remedies Code section 51.014(d) from an interlocutory order signed May 13,

2014, denying their motion for partial summary judgment.[1] *See* Tex. Civ. Prac. & Rem. Code § 51.014(d) (specifying circumstances under which trial court may grant written permission to appeal an otherwise unappealable order); *see also* Tex. R. App. P. 28.3; Tex. R. Civ. P. 168. On June 9, 2014, JJT Construction, JJT Construction, Inc., and Emmanuel D. Watson, referred to as appellees, filed a response in opposition to the petition. In the response, appellees assert (1) the trial court has not granted permission to appeal; (2) the order to be appealed does not comply with Texas Rule of Civil Procedure 168; (3) the application does not comply with Texas Rule of Appellate Procedure 28.3(e); and (4) the application does not comply with Texas Civil Practice and Remedies Code Section 51.014(d).

## PERMISSIVE APPEALS

Courts of appeals do not have jurisdiction over appeals from interlocutory orders unless a statute provides for an interlocutory appeal from such orders. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). Section 51.014 of the Texas Civil Practice and Remedies Code lists several types of interlocutory orders that may be immediately appealed. *See* Tex. Civ. Prac. & Rem. Code § 51.014. In 2011, section 51.014 was amended to provide:

> (d) On a party's motion or on its own initiative, a trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable if:
>
> (1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and
>
> (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

---

[1] The petition, referred to as an application, was filed with the Harris County District Clerk on May 28, 2014, and assigned to this court on June 3, 2014.

Tex. Civ. Prac. & Rem. Code § 51.014(d).[2] In addition, subsection (f) specifies the procedure for bringing a permissive interlocutory appeal under subsection (d), providing:

> An appellate court may accept an appeal permitted by Subsection (d) if the appealing party, not later than the 15th day after the date the trial court signs the order to be appealed, files in the court of appeals having appellate jurisdiction over the action an application for interlocutory appeal explaining why an appeal is warranted under Subsection (d). If the court of appeals accepts the appeal, the appeal is governed by the procedures in the Texas Rules of Appellate Procedure for pursuing an accelerated appeal. The date the court of appeals enters the order accepting the appeal starts the time applicable to filing the notice of appeal.

Tex. Civ. Prac. & Rem. Code § 51.014(f).

The rules of procedure were also amended in 2011 to address the changes to the statute governing permissive appeals. *See* Tex. R. App. P. 28.3 cmt. (noting the amendment to the statute necessitated the addition of Rule 28.3 and the adoption of Rule of Civil Procedure 168). Appellate Rule 28.3 was added to provide in part:

> (a) *Petition Required.* When a trial court has permitted an appeal from an interlocutory order that would not otherwise be appealable, a party seeking to appeal must petition the court of appeals for permission to appeal.
>
> (b) *Where Filed.* The petition must be filed with the clerk of the court of appeals having appellate jurisdiction over the action in which the order to be appealed is issued. The First and Fourteenth Courts of Appeals must determine in which of those two courts a petition will be filed.

---

[2] The 2011 amendments eliminated the prior requirement that the parties agree to the appeal and reinstated a requirement that the court of appeals grant permission for the appeal. Act of May 25, 2011, 82nd Leg., R.S., ch. 203, §§ 3.01, 6.01, 2011 Tex. Gen. Laws 758, 761. amending Act of May 27, 2005, 79th Leg. R.S., ch. 1051, §§ 1–2, 2005 Tex. Gen. Laws 3512, 3512–13 and Act of May 17, 2001, 77th Leg., R.S., ch. 1389, § 1, 2001 Tex. Gen. Laws 3575.

Tex. R. App. P. 28.3(a), (b). In addition, Rule 28.3 specifies the required contents of a petition for permission to appeal.

> The petition must:
>
> (1) contain the information required by Rule 25.1(d) to be included in a notice of appeal:
>
> (2) attach a copy of the order from which appeal is sought:
>
> (3) contain a table of contents, index of authorities, issues presented, and a statement of facts; and
>
> (4) argue clearly and concisely why the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion and how an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Tex. R. App. P. 28.3(e).

Texas Rule of Civil Procedure 168 is a new rule, added in 2011 to implement amendments to section 51.014(d)–(f) of the Texas Civil Practice and Remedies Code.[3] The rule states:

> On a party's motion or on its own initiative, a trial court may permit an appeal from an interlocutory order that is not otherwise appealable, as provided by statute. Permission must be stated in the order to be appealed. An order previously issued may be amended to include such permission. The permission must identify the controlling question of law as to which there is a substantial ground for difference of opinion, and must state why an immediate appeal may materially advance the ultimate termination of the litigation.

Tex. R. Civ. P. 168. Thus, under this rule, the trial court's permission, the controlling legal issue, and the reasons why an immediate appeal will materially advance the litigation must be stated in the order to be appealed.

In summary, following the 2011 amendments to section 51.014 of the Texas

---

[3] Subsection (e) of section 51.014,, addressing a stay of the underlying proceedings, was amended at the same time, but it is not at issue here.

Civil Practice and Remedies Code, the related enactment of Texas Rule of Civil Procedure 168 and amendment to Texas Rule of Appellate Procedure 28, the following must occur in order for all applicable procedures for a permissive appeal to be satisfied: (1) on a party's motion or on its own initiative, the trial court must issue a written order that includes both an interlocutory order that is not otherwise appealable and a statement of the trial court's permission to appeal this order under Texas Civil Practice and Remedies Code section 51.014(d); (2) in this statement of permission, the trial court must identify the controlling question of law as to which there is a substantial ground for difference of opinion and must state why an immediate appeal may materially advance the ultimate termination of the litigation; (3) after the trial court signs an order granting permission in accordance with Texas Civil Practice and Remedies Code section 51.014(f) and Texas Rule of Appellate Procedure 28.3, the appellant must timely file a petition seeking permission from the court of appeals to appeal; and (4) the court of appeals must grant the petition for permission to appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d)–(f); Tex. R. App. P. 28.3 & cmt. [4]

## THE UNDERLYING PROCEEDINGS

Appellants claim that JJT Construction entered into a contract with them to build a finished asphalt parking lot and modular building on appellants' property. JJT Construction removed an existing unfinished building located on the same property. The parties dispute whether JJT Construction had permission to do so. Appellants sued appellees for damages, alleging several causes of action.

---

[4] In this appeal, we base our decision only on the absence of permission by the trial court for an interlocutory appeal under Texas Civil Practice and Remedies Code section 51.014(d). We do not address whether any of the other procedures from these statutes and rules are necessary for appellate jurisdiction or are a proper basis for denying a petition to the court of appeals for permission to appeal under section 51.014(d).

At issue here is the May 13, 2014 order in which the trial court denied appellants' motion for partial summary judgment on their claims for negligence and gross negligence against appellees.[5] Appellants assert they provided summary proof that appellees breached a duty to appellants and proximately caused their damages. Appellants argue in their petition for permission to appeal that appellees may not assert a lack of damages as their sole defense based on appellants' earlier pleading that the demolished building had no market value when it was removed.

## APPELLANTS' PETITION

We now review appellants' petition for permission to bring an interlocutory appeal of this interlocutory summary judgment order. The 2011 amendments to the permissive appeal statute and procedural rules apply to this case, which was filed in 2012. *See* Act of May 25, 2011, 82nd Leg., R.S., ch. 203, § 6.01 (stating the amendments to section 51.014(d)–(f) apply to cases commenced on or after September 1, 2011). Appellate courts must construe section 51.014 of the Texas Civil Practice and Remedies Code to give effect to the Legislature's intent, but they also strictly construe this statute as an exception to the general rule that only final judgments are appealable. *See City of Houston v. Estate of Jones*, 388 S.W.3d 663, 666 (Tex. 2012) (per curiam); *State Farm Lloyds v. Gulley*, 399 S.W.3d 242, 246 (Tex. App.—San Antonio 2012, no pet.) (strictly construing former section 51.014(d)).

### No Trial Court Permission

Appellees assert the trial court has not granted appellants permission to appeal. Appellants have not alleged the trial court granted permission and they

---

[5] Other defendants were joined in the suit, but they have not responded to appellants' petition. It is unclear from the limited record before us whether appellants' motion for partial summary judgment may have addressed claims against these other defendants.

have provided no signed order granting permission. The trial court's permission must be stated in a written order. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d); Tex. R. Civ. P. 168. Because appellants have not shown that the trial court granted permission to appeal under Texas Civil Practice and Remedies Code section 51.014(d), there is no basis for an appeal under this statute, and we deny appellants' petition for permission to appeal.

## CONCLUSION

Appellants have not established that they are entitled to an immediate appeal under Section 51.014(d) of the trial court's May 13, 2013, order denying their motion for partial summary judgment. We deny the petition for permission to bring an interlocutory appeal under Section 51.014(d).


/s/ John Donovan
   Justice


Panel consists of Chief Justice Frost and Justices Donovan and Wise.

7