

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00315-CV

Cearth **FAIRE**,
Appellant

v.

**FMP SA MANAGEMENT GROUP, LLC** d/b/a Food Management Partners, LLC; All Jones, LLC; Allen J. Jones, Individually; Peter Donbavand, Individually; and Jason Kemp, Individually, Appellees

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-16674
Honorable Antonia Arteaga, Judge Presiding

PER CURIAM

Sitting:     Patricia O. Alvarez, Justice
            Luz Elena D. Chapa, Justice
            Jason Pulliam, Justice

Delivered and Filed:  June 3, 2015

PETITION DENIED

Petitioner Cearth Faire seeks permission to appeal an interlocutory order that is not otherwise appealable. *See* TEX. R. APP. P. 28.3(a). This court does not have jurisdiction over an appeal from an interlocutory order unless such an appeal has been authorized by statute. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). By statute, the legislature has authorized a permissive interlocutory appeal if the party twice obtains permission: first, by written order from the trial court, and second, by the appellate court granting the petition and accepting

the appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d), (f) (West Supp. 2014); *Hebert v. JJT Const.*, 438 S.W.3d 139, 140 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

In her petition, Faire cites and seeks permission to appeal under Rule 28.3 and section 51.014(f). Faire argues this court should grant her petition as a matter of judicial economy, but her petition does not allege that she first obtained permission from the trial court that is required by the statute she cites. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (requiring, inter alia, the trial court's written order permitting the appeal); TEX. R. APP. P. 28.3(a) (recognizing that the trial court's permission to appeal is a prerequisite to petitioning the appellate court); *Hebert*, 438 S.W.3d at 142 (same). Her petition does not contain a copy of a written order from the trial court granting its permission to appeal, and Appellees insist the trial court did not give Faire its permission to appeal.

Because Faire failed to show she complied with the statutory requirements, we deny her petition for permission to appeal. *See Hebert*, 438 S.W.3d at 142. Appellees' motion to dismiss Faire's petition is moot. Appellees' motion for sanctions is denied.

PER CURIAM