**Petition Denied and Memorandum Opinion filed October 27, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00728-CV

### KENNETH W. ISAAC, Appellant

### V.

### CONSTANCE BURNSIDE, Appellee

**On Appeal from the Probate Court No. 2
Harris County, Texas
Trial Court Cause No. 419,942-401**

## M E M O R A N D U M   O P I N I O N

Appellant Kenneth W. Isaac petitions this court to allow a permissive interlocutory appeal of the trial court's August 2, 2016 order denying his traditional motion for summary judgment in favor of appellee Constance Burnside. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d) (West Supp. 2016). We deny the petition.

BACKGROUND

Isaac is the independent executor for the Estate of Ernest Burnside, and Constance Burnside is the decedent's widow. The widow sued Isaac for breach of fiduciary duty, alleging Isaac failed to (1) distribute funds in the decedent's bank accounts to the widow pursuant to the terms of the decedent's will; and (2) pay funeral expenses incurred by the widow. Under the decedent's will, the executor was to make all funeral arrangements "in keeping with my beliefs and station in life." As an affirmative defense, Isaac pleaded that the decedent's will and section 711.002(h) of the Texas Health and Safety Code controlled the disposition of the decedent's remains. *See* Tex. Health & Safety Code Ann. § 711.002(h) (West Supp. 2016) ("If the directions are in a will, they shall be carried out immediately without the necessity of probate."). Isaac alleges that he was not liable to the widow because she violated the decedent's will by making the funeral arrangements.

Isaac filed a traditional motion for summary judgment based on his affirmative defense that the widow was not entitled to reimbursement for funeral expenses because she had violated the terms of the decdent's will and section 711.002(h). The trial court denied Isaac's traditional motion for summary judgment without explanation.

Isaac filed a motion for permission to file an interlocutory appeal, contending that the statutory construction, interpretation, and applicability of section 711.002(h) is a controlling question of law as to which there are substantial grounds for difference of opinion and an immediate appeal of order denying the traditional motion for summary judgment may materially advance the ultimate termination of the litigation. Shortly after denying the motion for traditional summary judgment, the trial court granted Isaac permission to appeal that ruling in

the following order:

> The Court FINDS that an interlocutory appeal concerning the provisions of Tex. Health & Safety Code § 711.002(h) involve [sic] controlling questions of law as to which there are substantial grounds for difference of opinion and an immediate appeal from the Court's order denying the traditional motion for summary judgment may materially advance the ultimate termination of the litigation, especially considering that there is no Supreme Court of Texas and/or Court of Appeals opinion on point with the contentions of the parties. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d)(1), (2); Gulf Coast Asphalt Co. v. Lloyd, 457 S.W.3d 539, 543–45 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

> IT IS FURTHER ORDERED that the Court GRANTS permission that the Defendant takes an immediate interlocutory appeal of the above-referenced issues. Said appeal is to be filed within (30) days of the signing of the Order.

Isaac filed his petition for permissive interlocutory appeal in this court.

## ANALYSIS

Appellate courts do not have jurisdiction over interlocutory appeals in the absence of a statutory provision permitting such an appeal. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *Hebert v. JJT Constr.*, 438 S.W.3d 139, 140 (Tex. App.—Houston [14th Dist.] 2014, no pet.). An order denying a summary judgment is generally not appealable because it is an interlocutory order, not a final judgment. *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994) (orig. proceeding) (per curiam). Isaac seeks permission to pursue an appeal of the trial court's order under Texas Civil Practice and Remedies Code section 51.014(d), which provides as follows:

> (d) On a party's motion or on its own initiative, a trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable if:

> (1) the order to be appealed involves a controlling question of law as

3

to which there is a substantial ground for difference of opinion; and

(2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d). The trial court's permission must be stated in the interlocutory order to be appealed. *See* Tex. R. Civ. P. 168. In its statement of permission as to an interlocutory appeal under section 51.014(d), a trial court must (1) identify the controlling question of law as to which there is a substantial ground for difference of opinion and (2) state why an immediate appeal may materially advance the ultimate termination of the litigation. Tex. R. Civ. P. 168; *Gulf Coast Asphalt Co. v. Lloyd*, 457 S.W.3d 539, 543−44 (Tex. App.—Houston [14th Dist.] 2015, no pet.). When the trial court has permitted the appeal from an interlocutory order that otherwise would not be appealable, the party seeking to appeal must petition the court of appeals for permission to appeal. Tex. R. App. P. 28.3(a).

Section 51.014(d) is not intended to relieve the trial court of its role in deciding substantive issues of law properly presented to it. *City of Houston v. Proler*, No. 14-16-00030-CV, 2016 WL 1047889, at *4 (Tex. App.—Houston [14th Dist.] Mar. 15, 2016, no pet.) (mem op.) The trial court first must make a substantive ruling on the controlling legal issue being appealed. *See id.*

The trial court denied Isaac's traditional motion for summary judgment without explanation. The order permitting an interlocutory appeal does not set forth a controlling issue of law to be decided. Even presuming that the trial court had identified a controlling issue of law, the order does not include a ruling by the trial court on a controlling issue of law.

Because the record does not show that the trial court ruled on the purported controlling question of law identified by the trial court, we cannot grant Isaac's

4

petition for permissive interlocutory appeal. *See id.*[1]  Accordingly, we deny Isaac's petition for permissive interlocutory appeal.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and Christopher.

---

[1] Isaac also filed a no-evidence summary judgment on the widow's claim that Isaac failed to distribute funds in the decedent's bank accounts.  Isaac argued that there was no evidence that he did not own the funds, breach his fiduciary duty, or fail to give the widow her rightful share. Isaac states in his petition that he is also appealing the order denying his no-evidence motion for summary judgment.  But, the trial court granted Isaac permission to appeal only the order denying his traditional motion for summary judgment.