**Petition for Permission to Appeal Denied, Appeal Dismissed, and Memorandum Opinion filed March 5, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00081-CV

## LENNIE  JACKSON, INDIVIDUALLY AND DERIVATIVE OF BL ENTERPRISE LLC, Appellant

### V.

### PATTEN LAW FIRM, Appellee

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-34839**

## MEMORANDUM  OPINION

Before this court is a petition for permission to appeal from an order signed October 18, 2018, denying a motion to disqualify opposing counsel. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d); Tex. R. App. P. § 28.3. An order denying a motion to disqualify counsel from representation is an interlocutory order for

which there is no statutory exception allowing for an appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a).

A permissive appeal is allowed where a trial court, by written order, permits an appeal from an order that is not otherwise appealable if:

(1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and

(2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Tex. Civ. Prac. Rem. Code. § 51.014(d).

The Texas Rules of Appellate Procedure and the Texas Rules of Civil Procedure also allow for permissive appeals where the trial court grants permission to appeal an interlocutory order that otherwise would not be appealable. Tex. R. App. P. 28.3(3) (providing, "[w]hen a trial court has permitted an appeal from an interlocutory order that would not otherwise be appealable, a party seeking to appeal must petition the court of appeals for permission to appeal."); Tex. R. Civ. P. 168 (providing, "[on a party's motion or in its own initiative, a trial court may permit an appeal from an interlocutory order that is not otherwise appealable, as provided by statute. Permission must be stated in the order to be appealed.").

In this case, the trial court's order denying appellant's motion to disqualify opposing counsel contains no language regarding appeal. The trial court's permission must be stated in a written order. *Hebert v. JJT Const.*, 438 S.W.3d 139, 142 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Because appellant has not shown that the trial court granted him permission to appeal, there is no basis for appeal and we deny appellant's petition for permission to appeal.

Accordingly, the appeal is ordered dismissed.

PER CURIAM


Panel consists of Chief Justice Frost, and Justices Jewell and Bourliot.