**Opinion issued December 15, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-20-00714-CV**

———————————

**HOUSTON FOAM PLASTICS, INC., Appellant**

**V.**

**MARCUS ANDERSON, Appellee**

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-55510**

---

## MEMORANDUM OPINION

Appellant, Houston Foam Plastics, Inc., has filed a petition for permissive appeal from an interlocutory order denying its motion for summary judgment. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d) (authorizing trial court to permit interlocutory appeal from otherwise unappealable interlocutory order under certain

circumstances), (f) (requiring party seeking to appeal to petition appellate court for permission); TEX. R. CIV. P. 168 (governing procedure for trial court granting permission to appeal); TEX. R. APP. P. 28.3 (governing procedure for filing petition for permissive appeal).

Under Texas Rule of Civil Procedure168, a trial court may permit an appeal from an otherwise unappealable interlocutory order. TEX. R. CIV. P. 168. To do so, the trial court must sign a written order stating, in relevant part, its permission to appeal. *See id.* Without a written order stating the trial court's permission, no basis for filing a petition for permissive appeal exists. *See Hebert v. JJT Constr*., 438 S.W.3d 139, 142 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Here, appellant acknowledges that it has not obtained the trial court's permission to appeal the interlocutory order. Instead, appellant asserts in its petition that (1) appellant is in the process of requesting an order from the trial court granting permission to appeal and (2) it was necessary for appellant to file its petition now because the fifteen-day time period provided under Section 51.014(d) for filing the petition with our Court runs from the signing of the "the order to be appealed." TEX. CIV. PRAC. & REM. CODE § 51.014(f). As discussed below, appellant's attempt to justify the premature filing of its petition prior to obtaining the trial court's permission ignores the applicable rules.

Rule 168 provides that the trial court "may permit an appeal from an interlocutory order that is not otherwise appealable," but it also specifies that "[p]ermission must be stated in the order to be appealed." TEX. R. CIV. P. 168. Recognizing that an interlocutory order may issue without the necessary permission having been included, the rule further provides that "[a]n order previously issued may be amended to include such permission." *Id*. Texas Rule of Appellate Procedure 28.3(c) provides that, if an interlocutory order is amended by the trial court to include the requisite permission, "the time to petition the court of appeals runs from the date the amended order is signed." TEX. R. APP. P. 28.3(c); *see Colvin v. B. Spencer & Assocs., P.C.*, No. 01–15–00247–CV, 2015 WL 2228728, at *2 (Tex. App.—Houston [1st Dist.] May 12, 2015, no pet.) (mem. op.) (per curiam).

Accordingly, we deny appellant's petition for permissive appeal because appellant has not obtained the required permission from the trial court. We express no opinion on the merits of the petition. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Landau, and Adams.