**Opinion issued May 19, 2022**



In The

# Court of Appeals

### For The

## First District of Texas

—————————————

### NO. 01-20-00817-CV

—————————————

## PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, Appellant

## V.

## MARGIE DOWDY, Appellee

---

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-54967**

---

### MEMORANDUM OPINION

Appellant, Progressive County Mutual Insurance Company ("Progressive"),

has filed a petition for permissive appeal from an interlocutory order denying its

motion for summary judgment.[1] Appellee, Margie Dowdy, has filed a motion to dismiss the petition for permissive appeal on the basis that the petition was untimely. We grant the motion and dismiss the petition for permissive appeal.

## Background

Dowdy brought the underlying suit against her insurer, Progressive, for uninsured/underinsured motorist benefits in connection with an accident in which Dowdy's vehicle was struck by a motorist driving a rental car. Progressive filed a motion for summary judgment arguing that the applicable policy excludes uninsured/underinsured motorist benefits when the tortfeasor is operating a vehicle owned by a self-insured entity. On September 16, 2020, the trial court issued an order denying Progressive's motion for summary judgment. On October 1, 2020, Progressive moved the trial court for reconsideration of its denial of summary judgment, or in the alternative, permission for interlocutory appeal.

On November 16, 2020, the trial court issued an order denying Progressive's motion for reconsideration. On the same day, the trial court signed a separate order granting Progressive permission for interlocutory appeal. On November 30, 2020,

---

[1]    *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d) (authorizing trial court to permit interlocutory appeal from otherwise unappealable interlocutory order under certain circumstances), (f) (requiring party seeking to appeal to petition appellate court for permission); TEX. R. CIV. P. 168 (governing procedure for trial court's granting permission to appeal); TEX. R. APP. P. 28.3 (governing procedure for filing petition for permissive appeal).

Progressive filed an "application for interlocutory appeal" in the trial court, and a "supplemental application for interlocutory appeal" on December 8, 2020. On December 10, 2020, Progressive filed a petition for permissive appeal in this Court, together with a motion for extension of time asserting that it was filed within 15 days of the deadline. This Court granted the extension motion on December 17, 2020.

Dowdy filed her motion to dismiss this appeal as untimely on April 19, 2021. Among other things, Dowdy's motion relies on the decision of the Fourth Court of Appeals in *Progressive County Mutual Insurance Co. v. McCormack*, No. 04-21-00001-CV, 2021 WL 186675 (Tex. App. —San Antonio Jan. 20, 2021, pet. denied) (mem. op.), in which the court concluded that a petition for permissive appeal filed by Progressive in a case involving similar facts was untimely. Progressive filed a response opposing Dowdy's dismissal motion in this case and requested that our Court delay deciding the motion pending resolution of Progressive's petition for review of the decision in *McCormack*. The Texas Supreme Court denied Progressive's petition for review on December 10, 2021. We now decide Dowdy's motion to dismiss the petition for permissive appeal in this case.

## Applicable Law

Generally, appeals may be taken only from final, appealable judgments or interlocutory orders that are authorized by statute. *See Lehmann v. Har–Con Corp*., 39 S.W.3d 191, 200 (Tex. 2001). "We strictly apply statutes granting interlocutory

appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable." *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). Under certain conditions, "a trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable." TEX. CIV. PRAC. & REM. CODE § 51.014(d); *see Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019). "Permission [to appeal] must be stated in the order to be appealed." TEX. R. CIV. P. 168; *see Hebert v. JJT Const.*, 438 S.W.3d 139, 141 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

"When a trial court has permitted an appeal from an interlocutory order that would not otherwise be appealable, a party seeking to appeal must petition the court of appeals for permission to appeal." TEX. R. APP. P. 28.3(a). "The petition must be filed within 15 days after the order to be appealed is signed." TEX. R. APP. P. 28.3(c); TEX. CIV. PRAC. & REM. CODE § 51.014(f) ("An appellate court may accept an appeal permitted by Subsection (d) if the appealing party, not later than the 15th day after the date the trial court signs the order to be appealed, files in the [proper] court of appeals . . . an application for interlocutory appeal . . . ."). "The court of appeals may extend the time to file the petition if the party: (1) files the petition within 15 days after the deadline, and (2) files a motion complying with Rule 10.5(b)." TEX. R. APP. P. 28.3(d); *see Romero v. Gonzalez*, No. 13-16-00172-CV, 2018 WL 771893, at *1 (Tex. App.—Corpus Christi Feb. 8, 2018, no pet.) (mem. op.). A petition for

permissive appeal must be timely to confer jurisdiction on the court of appeals to hear the matter. *See McCormack*, 2001 WL 186675, at *2 ("[A]n untimely petition cannot invoke this court's jurisdiction.").[2]

## Discussion

The legal issues and substantive facts of this case are nearly identical to those addressed by the Fourth Court of Appeals in *McCormack*. As in this case, in *McCormack*, Progressive was sued by its insured after denying coverage for a car crash in which its insured was hit by a person driving a rental car. 2021 WL 186675, at *1. Progressive filed a motion for summary judgment arguing that the policy "precludes UM/UIM benefits when the tortfeasor is operating a rental car owned by a self-insurer." *Id*. The trial court issued a memorandum ruling denying the motion on October 13, 2020. *Id*. On October 27, 2020, Progressive filed a motion for reconsideration and/or motion to certify interlocutory appeal. *Id*. On November 10, 2020, the trial court signed an order denying Progressive's motion for summary judgment. *Id*. On December 17, 2020, the trial court signed an order denying reconsideration and another granting interlocutory appeal. *Id*. Progressive filed its

---

[2] *See also Kline v. Legacy Tr. Co., NA*, No. 14-17-00264-CV, 2017 WL 1512245 (Tex. App.—Houston [14th Dist.] Apr. 25, 2017, no pet.) (mem. op.); *Hochheim Prairie Farm Mut. Ins.; Ass'n v. Crowson*, No. 10-19-00469-CV, 2020 WL 495488 (Tex. App.—Waco Jan. 29, 2020, no pet.) (mem. op); *BPHC, LLC v. Perkins*, No. 03-18-00717-CV, 2019 WL 304417 (Tex. App.—Austin Jan. 24, 2019, no pet.) (mem. op.); *Romero v. Gonzalez*, No. 13-16-00172-CV, 2018 WL 771893 (Tex. App.—Corpus Christi Feb. 8, 2018, no pet.) (mem. op.).

petition for permissive appeal on January 4, 2021. *Id*. at *2. The court of appeals

denied the petition for two independently dispositive reasons:

> First, the petition was not filed within fifteen days "after the date the trial court sign[ed] the order to be appealed." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(f); *BPHC*, 2019 WL 304417, at *1. The trial court signed the order to be appealed from on November 10, 2020, but Progressive did not file its petition in this court until January 4, 2021, more than thirty days after the order to be appealed was signed. Contra TEX. R. APP. P. 28.3(c). Even if the petition met the other permissive appeal requirements, an untimely petition cannot invoke this court's jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(f); *BPHC*, 2019 WL 304417, at *1.
>
> Second, the order to be appealed—the trial court's November 10, 2020 order denying Progressive's motion for summary judgment—does not include the trial court's permission to appeal. *Contra* TEX. R. CIV. P. 168; *Hebert*, 438 S.W.3d at 141 ("[T]he trial court must issue a written order that includes both an interlocutory order that is not otherwise appealable *and* a statement of the trial court's permission to appeal this order under Texas Civil Practice and Remedies Code section 51.014(d)." (emphasis added in *McCormack*).

*Id*. The same reasoning applies in the case before us. As in *McCormack*, we similarly

conclude that (1) the order to be appealed in this case was the denial of Progressive's

motion for summary judgment and (2) the permissive appeal failed to invoke our

jurisdiction because it was untimely filed more than 15 days after the trial court

signed the order to be appealed.

Progressive asserts that *McCormack* was wrongly decided and that its

December 10, 2020 petition for permissive appeal was timely because the "order to

be appealed" is not the September 16, 2020 order denying its summary judgment

motion, but rather the November 16, 2020 order denying its motion for reconsideration. We disagree. The order to be appealed is necessarily the September 16, 2020 order denying summary judgment because an order denying a motion for reconsideration is not independently appealable. *See Digges v. Knowledge Alliance, Inc.*, 176 S.W.3d 463, 464 (Tex. App.—Houston [1st Dist.] 2004, no pet.).[3] An appeal must be taken from the judgment, not the refusal to reconsider that judgment. *See Macklin,* 2012 WL 1155141, at *1. "Allowing interlocutory appeals whenever a trial court refuses to change its mind . . . would invite successive appeals and undermine the statute's [section 51.014] purpose of promoting judicial economy." *City of Hous. v. Estate of Jones*, 388 S.W.3d 663, 667 (Tex. 2012).

As discussed, the order from which Progressive seeks an appeal is the order denying its motion for summary judgment. Because that order was signed on September 16, 2020, the deadline for a petition for permissive appeal from the order was 15 days later, on October 1, 2020. TEX. R. APP. P. 28.3(c). Progressive did not

---

[3] *See also State Office of Risk Mgmt. v. Berdan*, 335 S.W.3d 421, 428 (Tex. App.— Corpus Christi 2011, pet. denied) ("The order denying [appellant's] motion to reconsider and motion for new trial was not independently appealable so as to start a new timetable for perfecting the appeal."); *Cornwell v. Cornwell*, No. 02-17-00105-CV, 2017 WL 6759031, at *1 (Tex. App.—Fort Worth Dec. 28, 2017, no pet.) ("No appeal from an order denying a motion for new trial exists separately from an appeal of the underlying judgment."); *Macklin v. Saia Motor Freight Lines, Inc.*, No. 06-11-00138-CV, 2012 WL 690289, at *1 (Tex. App.—Texarkana Mar. 2, 2012, no pet.) (mem. op.) ("An order denying a motion for reconsideration or motion for new trial is not a judgment, and is not independently appealable.").

file its petition for permissive appeal until December 10, 2020—70 days after the deadline.

Rule 28.3(c) provides that if the order being appealed is amended to include the trial court's permission to appeal, then the time to file a petition for permissive appeal runs from the date the amended order is signed. TEX. R. APP. P. 28.3(c). Here, however, the order denying Progressive's motion for summary judgment was never amended to include permission. Instead, the trial court issued a separate order that denied the motion for reconsideration and granted permission for an interlocutory appeal. Because the order denying summary judgment was not amended, the 15-day timeline ran from September 16, 2020, the date the order was signed, and was not extended by the separate order denying reconsideration and granting interlocutory appeal. *See McCormack*, 2021 WL 186675 at *2. Accordingly, Progressive's petition for permissive appeal was untimely.

Texas Rule of Civil Procedure 28.3(d) provides for an extension of time to file the petition for permissive appeal, but the petition for permissive appeal must be filed within 15 days from the original deadline. TEX. R. APP. P. 28.3(d). Here, Progressive's petition was filed 70 days after the original deadline of October 1, 2020. Although our Court granted Progressive's motion for an extension of time on December 17, 2020, our order only extended the deadline to the extent that we had jurisdiction over the appeal at the time the motion was filed and did not revive

8

jurisdiction after it expired. Based on the record, we conclude that our jurisdiction to grant an extension and consider the petition expired 15 days after the original October 1, 2020 deadline.

## Conclusion

For the foregoing reasons, we grant Dowdy's motion and dismiss Progressive's petition for permissive appeal for want of jurisdiction. We dismiss any other pending motions as moot.

## PER CURIAM

Panel consists of Justices Landau, Guerra, and Farris.