**Opinion issued January 19, 2023**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-22-00951-CV**

————————————

**SAVANNAH MANHOLD, Appellant**

**V.**

**STYLED REAL ESTATE, INC. AND MICHELLE SCANLIN, Appellees**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2021-03329**

---

## MEMORANDUM OPINION

Appellant, Savannah Manhold, has filed a petition for permissive appeal seeking to challenge the trial court's interlocutory order signed on December 20, 2022 denying Manhold's plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d) (authorizing trial court to permit interlocutory appeal from otherwise

unappealable interlocutory order under certain circumstances), (f) (authorizing appeals court to accept interlocutory appeal permitted by trial court and requiring appealing party to petition appellate court for permission); TEX. R. CIV. P. 168 (governing procedure for trial court's granting permission to appeal); TEX. R. APP. P. 28.3 (governing procedure for filing petition for permissive appeal with appellate court "when a trial court has permitted an appeal from an interlocutory order that would not otherwise be appealable").

Under Texas Rule of Civil Procedure168, a trial court may permit an appeal from an otherwise unappealable interlocutory order. TEX. R. CIV. P. 168. To do so, the trial court must sign a written order stating, in relevant part, its permission to appeal. *Id*. Without a written order stating the trial court's permission to appeal under Section 51.014(d) of the Texas Civil Practice and Remedies Code, no basis for filing a petition for permissive appeal with our Court exists. *Houston Foam Plastics, Inc. v. Anderson*, No. 01-20-00714-CV, 2020 WL 7349090, at *1 (Tex. App.—Houston [1st Dist.] Dec. 15, 2020, no pet.) (citing *Hebert v. JJT Constr*., 438 S.W.3d 139, 142 (Tex. App.—Houston [14th Dist.] 2014, no pet.)).

In her petition for permissive appeal, Manhold acknowledges that she has not obtained the trial court's permission to appeal the interlocutory order denying her plea to the jurisdiction. Manhold asserts that on the same day she filed her petition for permissive appeal with our Court, she filed a "motion for leave with the trial

2

court to file an interlocutory or permissive appeal" and "a motion requesting that the trial court certify and amend its December 20, 2022 Order to comply with Texas Rules of Civil Procedure Rule 168 and Section 51.014(d), (f) of the Texas Civil Practices and Remedies Code."

Under these facts, Manhold's petition for permissive appeal is premature and fails to meet the applicable requirements because it was filed prior to obtaining permission from the trial court. Accordingly, we deny the petition for permissive appeal.

**PER CURIAM**

Panel consists of Justices Kelly, Landau, and Farris.