**DENIED and Opinion Filed December 12, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-23-01231-CV**

_____

**KATHY C. HARRIS, Appellant**
**V.**
**LARRY E. COVEY D/B/A AMERICAN PRIDE ROOFING, Appellee**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-22-03352-B**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Goldstein
Opinion by Justice Goldstein

Kathy C. Harris has filed a pro se petition for permission to appeal the trial court's order denying her motion for partial summary judgment. In that order, the trial court denied Harris's motion, but did not grant her permission to appeal, did not identify the controlling issue of law as to which there is a substantial ground for disagreement and did not state why an immediate appeal may materially advance the outcome of the litigation. Because the complained-of order does not satisfy the requirements of section 51.014(d), we deny the petition for permissive appeal.

**Applicable Law**

Generally, appeals may be taken only from final judgments or interlocutory orders for which appeal is authorized by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Bank of N.Y. Mellon v. Guzman*, 390 S.W.3d 593, 596 (Tex. App.—Dallas 2012, no pet.). Under certain circumstances, a trial court may allow an appeal from an order that is otherwise not appealable. *See Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019). When the trial court permits an appeal from an interlocutory order, the party seeking to appeal must file a petition in the court of appeals seeking permission to appeal. *See* TEX. R. APP. P. 28.3(a). We strictly construe such requests because statutes allowing for interlocutory appeals are an exception to the general rule that only final judgments are appealable. *See Gulf Coast Asphalt Co. v. Lloyd,* 457 S.W.3d 539, 545 (Tex. App—Houston [14th Dist.] 2015, no pet.); *Rogers v. Orr*, 408 S.W.3d 640, 642 (Tex. App—Fort Worth 2013, pet. denied).

Section 51.014(d) of the Texas Civil Practice and Remedies Code permits an interlocutory appeal of an otherwise unappealable order, if several predicates are met. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d). To qualify, the trial court must first certify the order is immediately appealable, and expressly identify a controlling question of law on which there is substantial ground for disagreement. *Id*.; *see also* TEX. R. CIV. P. 168 (requirement that trial court's order identifies a "controlling question of law on which there is a substantial ground for difference of opinion[.]"). The trial court's order must also explain why an immediate appeal may materially advance the ultimate resolution of the case. TEX. CIV. PRAC. & REM. CODE § 51.014(d); *Hebert v. JJT Constr*.

438 S.W.3d 139, 142 (Tex. App—Houston [14th Dist. 2014, no pet.). Finally, this Court must then agree to hear the appeal.  TEX. CIV. PRAC. & REM. CODE § 51.014(f).

### Discussion

To satisfy the requirements of rule 51.014(d), the trial court's order must expressly grant permission to appeal, identify the controlling question of law as to which there is a substantial ground for difference of opinion, and state why an immediate appeal may materially advance the ultimate termination of the litigation. Tex. R. Civ. P. 168; *Hebert v. JJT Constr*. 438 S.W.3d 139, 142 (Tex. App—Houston [14th Dist. 2014, no pet.).   Harris has not alleged the trial court granted permission to appeal and she has not provided a signed order granting permission.  Larry Covey, appellee, filed a response asserting the trial court has not granted permission and requesting this Court to dismiss the petition.

Because Harris has not established she is entitled to an immediate appeal of the trial court's order pursuant to section 51.014(d) of the civil practices and remedies code, we deny her petition for permissive appeal.  *See Hebert*, 438 S.W.3d at 142.  Having done so, we deny appellee's request to dismiss the petition as moot.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

231231F.P05

–3–



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

KATHY C. HARRIS, Appellant

No. 05-23-01231-CV          V.

LARRY E. COVEY D/B/A
AMERICAN PRIDE ROOFING,
Appellee

On Appeal from the County Court at
Law No. 2, Dallas County, Texas
Trial Court Cause No. CC-22-03352-
B.

Opinion delivered by Justice
Goldstein. Justices Molberg and
Pedersen, III participating.

In accordance with this Court's opinion of this date, we deny appellant's petition for permissive appeal.

Judgment entered December 12, 2023