

# NUMBER 13-24-00179-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**EDGAR SIFUENTES,
CHARLOTTE GARATE, AND
LENK TRANSPORTATION, INC.,**                                    **Appellants,**

**v.**

**MAKA LOGISTICS, LLC,**                                    **Appellee.**

---

## ON APPEAL FROM THE 430TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

---

## MEMORANDUM OPINION

### Before Justices Benavides, Tijerina, and Silva
### Memorandum Opinion by Justice Silva

Invoking the statutory provision for permissive appeals, appellants Edgar Sifuentes, Charlotte Garate, and Lenk Transportation, Inc. (Lenk) filed a notice of appeal from an interlocutory order denying their plea to the jurisdiction. *See* TEX. CIV. PRAC. &

REM. CODE ANN. § 51.014(d). Additionally, appellant Lenk filed a separate application for permissive appeal. *See id.*; TEX. R. APP. P. 28.3(e)(4). However, the trial court withdrew permission to appeal, and appellee Maka Logistics, LLC[1] has now filed an opposed motion to dismiss the appeal. As stated herein, we grant the opposed motion to dismiss, deny the application for permissive appeal, and dismiss the appeal.

## I.     BACKGROUND

On April 9, 2024, the trial court signed an order denying appellants' plea to the jurisdiction. The trial court's order stated that appellants "are granted leave to appeal this Order denying the Plea to the Jurisdiction." That same day, appellants filed a notice of appeal from the order denying their plea to the jurisdiction. The notice of appeal stated that it was filed pursuant to Texas Civil Practice and Remedies Code § 51.014(d). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d).

On April 12, 2024, Maka Logistics filed a motion to partially reconsider the trial court's ruling. In relevant part, Maka Logistics requested the trial court to remove the language granting appellants permission to appeal, and to set the case for trial.

On April 16, 2024, appellants filed an amended notice of appeal. The amended notice specifies that the appeal is accelerated.

On April 22, 2024, appellants filed a motion seeking reconsideration of the ruling denying their plea to the jurisdiction.

On April 24, 2024, Lenk filed an application for permissive appeal in our Court.

On May 6, 2024, Maka Logistics filed a response to appellants' motion for

---

[1] Appellee's name appears in its pleadings and in the record generally as both Maka Logistics, LLC and Makalogistics, LLC.

reconsideration.

On May 7, 2024, the trial court granted Maka Logistics's motion for partial reconsideration, amended its order on the plea to the jurisdiction to delete language granting appellants permission to appeal, denied appellants permission to appeal, and set the case for a docket control conference. That same day, Lenk filed an amended application for permissive appeal in our Court.

On May 10, 2024, Maka Logistics filed an opposed motion to dismiss the appeal arguing that:

> The Court should dismiss this appeal for want of jurisdiction. The [appellants] are attempting to appeal an interlocutory order denying their plea to the jurisdiction. No statute generally authorizes private parties like the [appellants] to appeal this kind of order. And to the extent the [appellants] might invoke the permissive appeal statute, the trial court recently denied that permission and vacated any suggestion to the contrary. The trial court also reset this case for trial. Since this Court lacks any statutory basis for jurisdiction in this appeal, the Court should dismiss the appeal without addressing its merits.

This Court requested appellants to file a response to Maka Logistics's motion to dismiss. Appellants filed an untimely response and a motion for leave. We grant appellants' motion for leave and we consider their response on the merits.

## II. JURISDICTION

Generally, appeals may be taken only from final judgments or interlocutory orders for which appeal is authorized by statute. *Indus. Specialists, LLC v. Blanchard Ref. Co. LLC*, 652 S.W.3d 11, 13–14 (Tex. 2022); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Pursuant to § 51.014(d) of the civil practice and remedies code, trial courts "may . . . permit an appeal from an order that is not otherwise appealable" when

3

(1) the order "involves a controlling question of law as to which there is a substantial ground for difference of opinion," and (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d). "Such an appeal is authorized only with the trial court's permission[.]" *Elephant Ins., LLC v. Kenyon*, 644 S.W.3d 137, 146 (Tex. 2022). The order to be appealed must include the trial court's permission, identify the controlling question of law as to which there is a substantial ground for difference of opinion, and state why an immediate appeal may materially advance the ultimate termination of the litigation. TEX. R. CIV. P. 168. If the trial court grants permission for such an appeal, the appellant must timely file a petition for permissive appeal in the appellate court including, *inter alia*, clear and concise argument regarding why the order to be appealed meets those two requirements. TEX. R. APP. P. 28.3(e)(4). The appellate court "may" accept the appeal, but if it does not, it must "state in its decision the specific reason for finding that the appeal is not warranted[.]" TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(f), (g).

### III.     ANALYSIS

Appellants filed an amended notice of appeal invoking § 51.014(d); Lenk filed an amended application for permissive appeal under § 51.014(d). *See id.* § 51.014(d). In each instance, they sought to appeal the trial court's April 9, 2024 order denying their plea to the jurisdiction. However, the trial court's April 9, 2024 order was subsequently amended by the May 7, 2024 order insofar as the trial court vacated language granting permission for an appeal and expressly denied permission to appeal. Neither the April 9, 2024 order nor the May 7, 2024 order constitutes a final judgment. *See Lehmann*, 39

4

S.W.3d at 200. And neither order is made independently appealable by virtue of a statute providing for interlocutory appeal. To satisfy the requirements for a permissive appeal, the order at issue must expressly grant permission to appeal, identify the controlling question of law as to which there is a substantial ground for difference of opinion, and state why an immediate appeal may materially advance the ultimate termination of the litigation. *See* TEX. R. CIV. P. 168; *Hebert v. JJT Constr.*, 438 S.W.3d 139, 142 (Tex. App.—Houston [14th Dist.] 2014, no pet.). None of these requirements have been met in this case. Specifically, the record before the Court fails to reflect that the trial court granted permission to appeal, so § 51.014(d) does not provide us with jurisdiction over this appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d). Moreover, appellants have not offered and the record fails to reflect any other basis for appellate jurisdiction.

## IV. CONCLUSION

The Court, having examined and fully considered the appellants' amended notice of appeal, Lenk's application for permissive appeal, and Maka Logistics's opposed motion to dismiss the appeal, is of the opinion that we lack jurisdiction over the attempted appeal. Accordingly, we grant Maka Logistics's opposed motion to dismiss the appeal. We dismiss appellants' appeal for lack of jurisdiction. We likewise determine that Lenk has failed to meet the requirements for a permissive appeal, and we deny its application and dismiss its appeal. *See* § 51.014(d); *Hebert*, 438 S.W.3d at 142.

CLARISSA SILVA
Justice

Delivered and filed on the
27th day of June, 2024.

5